# EXHIBIT A

1  Vincent Renda, Esq. (CSB# 213985)
   RENDA LAW OFFICES, P.C.
2  600 West Broadway, Suite #400
   San Diego, California 92101
3  Telephone: (619) 819-0011
   Facsimile: (866) 303-8383
4  Email: vr@rendalawoffices.com
5

6  Attorneys for Relator
   Citizens Against Corporate Crime, LLC
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                    COUNTY OF SACRAMENTO
10

11

12 CITIZENS AGAINST CORPORATE CRIME,         Case No.: 34-2017-00208469
   LLC, a Wyoming limited liability company, as
13 Relator,                                  **FIRST AMENDED COMPLAINT**
14
          v.                                 **[Filed Under Seal]**
15
16 LENNAR CORPORATION, a Delaware            1) **Violation of the California False Claims**
   corporation, and DOES 1 Through 100,         **Act**
17 Inclusive,                                   **((Cal. Gov. Code, § 12651 (a)(1))**
18        Defendants.                         2) **Violation of the California False Claims**
                                                **Act**
19                                              **((Cal. Gov. Code, § 12651 (a)(2))**
20                                            3) **Violation of the California False Claims**
                                                **Act**
21                                              **((Cal. Gov. Code, § 12651 (a)(7))**
22                                            4) **Violation of the California False Claims**
                                                **Act Conspiracy**
23                                              **((Cal. Gov. Code, § 12651 (a)(7) and**
                                                **(a)(3))**
24
                                             5) **Unlawful Business Practices**
25                                              **(Bus. & Prof. Code § 17200)**
26
                                                **[Demand for Jury Trial]**
27
28                                              **BY FAX**

FILED
Superior Court Of California,
Sacramento
10/24/2017
amacias
By_____, Deputy
Case Number:
**34-2017-00208469**

---

1

**FIRST AMENDED COMPLAINT – [Filed Under Seal]**

COMES NOW, Citizens Against Corporate Crime, LLC, a Wyoming limited liability company, as Relator (hereinafter the "Relator") brings this First Amended Complaint (hereinafter the "FAC") pursuant to the *qui tam* provisions of the California False Claims Act (Gov. Code § 12652, subd. (c) and alleges as follows:

## I.    PARTIES

1.  Citizens Against Corporate Crime, LLC is a Wyoming limited liability company, the Realtor in the instant action.

2.  Lennar Corporation is a Delaware corporation (hereinafter the "Lennar"), doing business in the State of California. Lennar maintains its principal place of business at 700 N.W. 107th Avenue, Suite #400, Miami, Florida 33172.

3.  The Relator is ignorant of the true names and capacities of the Defendants sued in this FAC as "DOES 1 through 100, inclusive," and therefore sues those Defendants by their fictitious names. The Relator will seek leave to amend the FAC to allege their true names and capacities when ascertained.

4.  At all relevant times, each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this FAC, and the State of California's injuries and damages, as alleged herein, were caused by such Defendants' conduct.

5.  At all relevant times, any and all of the Defendants were agents, employees, employers, servants, partners, joint venturers, representatives, alter egos, subsidiaries, and/or partners of each of the remaining Defendants, and in doing the things alleged herein, were acting within the course and scope of such agency, employment, joint venture, or partnership authority, permission, consent and/or ratification of the other co-Defendants.

**FIRST AMENDED COMPLAINT – [Filed Under Seal]**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.  The California Public Employees' Retirement System (hereinafter "CalPERS") is an agency of the State of California and provides financial benefits to more than 1.8 million public employees, retirees, and their families. The average retirement allowance for all services members is nearly $3,000 per month. CalPERS is governed by a 13-member Board of Administration and employs approximately 2,900 people. CalPERS, headquartered in Sacramento, California, operates on a total budget of nearly $1.8 billion dollars and its total fund is worth in excess of $300 billion dollars.

## II.    JURISDICTION AND VENUE

7.  Venue is proper in this Court because Lennar engaged in conduct directed at the State of California, the residents of the State of California, the taxpayers of California, and CalPERS, which is headquartered in the County of Sacramento, State of California.

8.  Furthermore, much of Lennar's misconduct took place in the State of California, and the acts complained of, including the unconscionable $970 million dollar fraud, which is the basis of the FAC, occurred in and were directed at many citizens and members in the County of Sacramento and in the State of California.

## III.    FACTUAL BACKGROUND & GENERAL ALLEGATIONS

9.  On or near March 1, 2007, Lennar, in concert with its principal officers, key executives, subsidiaries, and related companies (hereinafter and collectively the "Lennar Defendants"), perpetrated an unconscionable scheme to swindle the nation's largest public pension fund, CalPERS, in the approximate amount of $970 million dollars.

10. Lennar is a Miami, Florida based home-builder whose principal officers were directly involved in this scheme. These officers include Chief Executive Officer Stuart Miller

3

(hereinafter "Miller") and Chief Operating Officer Jonathan Jaffe (hereinafter "Jaffe").

11. Lennar's commercial operations were handled by an affiliated business called LNR Property Corporation (hereinafter "LNR"). LNR was originally a division of Lennar, but by the year 2007, was nominally a separate company. At the same time Lennar executed this CalPERS swindle, Miller and his family held a substantial stake in LNR as well as Lennar. Miller served as chairman of LNR and CEO of Lennar.

12. The most financially depressing times in recent history for CalPERS came in the years 2007 to 2010. In those years CalPERS had losses in investment and other income in excess of $100 billion dollars. CalPERS' total fund at the end of year 2008 plummeted to a low of $183 billion dollars.

13. In 2010 CalPERS demanded a cash infusion of $600 million dollars from the State of California. This was a direct and proximate result of "huge investment losses" - losses including the 2007 transaction with Lennar (to be further described below).

14. Moreover by 2016, CalPERS, for the first time in its history, was losing money on a cash basis. CalPERS was losing almost $1 billion dollars per year. Governor Brown of California proposed a 42% gas hike on all Californians to shore up CalPERS' finances. CalPERS is now demanding increases of up to 100% in the annual contributions by virtually every municipality in California. This action is already substantially impairing basic services in many communities. This includes but is not limited to police, fire, libraries, and other services.

15. An analysis of the history of CalPERS and the specific time-frame of 2007 to 2010 indicates that the Lennar Defendants executed this unlawful scheme at the absolute

worst possible time for CalPERS. This scheme executed by Lennar and its executives victimized the hard-working men and women who are members of CalPERS. The scheme also severely hurt the affiliated unions, families, every California taxpayer, and the State of California.

16. The Lennar Defendants controlled and managed an entity called LandSource Communities Development LLC (hereinafter "LandSource").

17. LandSource was the primary vehicle used by the Lennar Defendants to orchestrate this massive fraud on CalPERS and the State of California. The fraud included the use of inflated appraisals, false cash flow projections, and material misrepresentations and misstatements.

18. Lennar was a fiduciary and the responsible manager of LandSource. The Lennar executives, principally Jaffe, fraudulently induced CalPERS to enter into a Contribution and Formation Agreement (hereinafter "Contribution Agreement") which required CalPERS to contribute nearly a billion dollars in assets to LandSource. Jaffe later testified in litigation, under oath, that he was a "key decision maker with respect to the activities of LandSource".

19. CalPERS made this contribution in accordance with the fraudulently-induced agreement. To further the scheme, Lennar then obtained $1.4 billion dollars via a syndicated loan funded by Barclays Capital PLC (hereinafter "Barclays"), secured by the LandSource assets. This included the assets contributed by CalPERS.

20. Astonishingly, Lennar had successfully disguised its real intentions, and had induced CalPERS to allow Lennar to strip all of the cash and loan proceeds from the LandSource balance sheet in a "Special Distribution" (to be further defined below).

The cash was then transferred directly to Lennar and its' sister company LNR. This loan placed LandSource on an inevitable and foreseeable path to bankruptcy.

21. CalPERS relied on a promise by Lennar that Lennar and LNR would purchase seventy percent (70%) of LandSource's assets over a three (3) year period. Unfortunately, nothing could have been further from the truth.

22. This transfer of all available liquidity left LandSource technically insolvent. And, in fact, LandSource was forced into a chapter 11 bankruptcy proceeding shortly more than one (1) year after the transfer.

23. As mentioned and among the false promises made by Lennar to CalPERS to induce CalPERS to execute the Contribution Agreement and transfer assets to LandSource, Lennar represented that Lennar and LNR would acquire seventy percent (70%) of the assets to be held by LandSource. This would be done in amounts sufficient to allow LandSource to timely pay interest and principal on the $1.4 billion dollar syndicated loan.

24. Lennar and LNR never acquired assets from LandSource. In fact, Lennar itself was trying to sell its own real estate portfolio for desperately-needed cash at that time. LNR ultimately retained bankruptcy counsel, as well. Records show that Lennar did not have either the means, intent or even the ability to acquire assets from LandSource.

25. The Lennar executives knew that the $1.4 billion dollar loan required monthly interest payments and periodic principal reductions. They also knew that LandSource had no cash since Lennar and LNR had transferred all available liquidity to their own accounts. Lastly at the time the cash was transferred off of the LandSource balance

sheet, they knew that the land market had collapsed and that there was no prospect of making timely interest and principal payments on the loan.

26. At the time this transaction with CalPERS took place, it was clear that the housing and land markets were in a deep downward spiral. In fact, Jaffe had written to one of Lennar's business partners nearly four (4) months before the fraudulently-induced "Special Distribution" took place stating that: "The housing market is in just absolute freefall". He was sadly correct.

27. As de-facto manager of LandSource and a COO charged with knowing the current status of the housing and land markets, Jaffe had to know that stripping the balance sheet of all available cash from a land holding company was a certain disaster. This was especially true given the rapidly deteriorating economic conditions and his direct knowledge of the housing market recession. No fiduciary and responsible manager would have even considered a transaction like the one which took place against CalPERS.

28. A look back, including a review of Lennar's financial statements at the time in question, confirms that Lennar was nearing insolvency at the exact moment this ill-advised transaction took place. In fact, without the cash from the "Special Distribution", both Lennar and LNR would most probably have failed and been forced into bankruptcy proceedings as well.

29. It is also clear that beginning in late 2006, Lennar began reporting tremendous losses. Lennar was rapidly running out of liquidity to sustain operations. Between the year 2006 to the Fall of 2008, Lennar reported losses for six (6) consecutive quarters totaling $2.4 billion dollars.

30. It is evident from a review of Lennar's own financial reporting that the Lennar Defendants perpetrated this fraud to obtain desperately-needed cash at a time when the economy was collapsing under the weight of the sub-prime mortgage crisis and declining home sales. Land prices began falling precipitously in the Fall of 2006, and there were few, if any, land buyers in the market by the year 2007.

31. In June of 2008, Lennar, as manager, placed LandSource into bankruptcy in furtherance of the scheme. Although LandSource was insolvent the day Lennar and LNR took the "Special Distributions" of approximately $700 million dollars each, Lennar had strategically waited for the insider preference period of one (1) year to expire before filing LandSource's bankruptcy. This strategy avoided a potential claw-back repayment of the large "Special Distributions" taken by Lennar and LNR.

32. The petition ordered to be commenced by Lennar on behalf of LandSource was filed on June 8, 2008 in the United States Bankruptcy Court for the District of Delaware, *Case Number 08-11111* (hereinafter the "LandSource Bankruptcy").

33. A review of Lennar's financial and legal activities in this time period is shocking. A clear pattern and practice of fraud, fraud in the inducement, constructive fraud, intentional and negligent misrepresentation, concealment, breach of contract, breach of fiduciary duty, conspiracy, extortion, and even racketeering emerges from an analysis of filed complaints, court records, and news stories across the United States of America.

34. For example, Lennar was sued by the Federal Deposit Insurance Company (hereinafter "FDIC") in Ft. Myers, Florida in the year 2012 for defrauding two (2) Savings and Loans in the year 2007 using false appraisals and straw buyers. *(Case*

*Number 2:12-cv-00595-SPC-CM – United States District Court for the Middle District of Florida)*. Lennar's fraud contributed to the failure of these two (2) Savings & Loans institutions. This fraud took place at the exact same time as the CalPERS swindle. Lennar employees were prepared to testify that this conduct was a pattern and practice by Lennar. Lennar settled.

35. At this same time in March of 2007, Lennar was reported to State Attorneys General for extorting contractors and subcontractors, withholding payments, and dishonoring valid and binding contracts.

36. A federal judge in Maryland forced Lennar to pay over $225 million dollars in a case where the causes of action in the underlying complaint included but not limited to: (1) Fraudulent Inducement; (2) Negligent Misrepresentation; and (3) Fraudulent Concealment *(Case Number 8:08-cv-01863-DKC – United States District Court for the District of Maryland)*. The Maryland case was about Lennar dishonoring a land purchase contract in the year 2007. Lennar was not only not a land buyer, but they were willing to attempt to commit fraud to try to extinguish a legitimate, iron-clad land purchase agreement. Moreover, the Maryland Federal Judge, seeing a pattern and practice of fraud, ordered Lennar to produce all of the breach of contract and fraud cases pending against Lennar. Lennar reluctantly produced this information. There was an astounding 157 page list of lawsuits pending against Lennar.

37. CalPERS historically has been a well-managed pension fund. But in this case it failed to apply even the most elementary analysis to the obvious defects in this transaction. Lennar's conflicts were egregious and obvious to even the most casual observer, much less seasoned investment professionals. To wit: Lennar was the manager of

9

LandSource. Lennar proposed the Contribution Agreement. Lennar provided the false appraisals and cash flows to CalPERS and Barclays. Lennar implemented the "Special Distributions". Lennar and LNR and were unjustly enriched by the "Special Distributions". Lennar misrepresented their own, and LNRs' financial condition. Lennar filed, managed, and manipulated the LandSource bankruptcy, causing a total loss to CalPERS.

38. CalPERS stood by and did nothing when LandSource immediately fell into distress weeks after Lennar stripped all of the cash from LandSource's balance sheet. CalPERS did not seek to unravel an obviously fraudulently-induced transaction. CalPERS had a second chance to deal with Lennar's fraud when Lennar's actions forced LandSource into bankruptcy.

39. Even more astonishing is that CalPERS did not intervene or participate in the bankruptcy process even though they were the principal owner of LandSource. CalPERS did not file any documents in that proceeding to address this massive fraud. Moreover, CalPERS did not provide their own plan or cause the removal of Lennar from the process. The result of that non-involvement was that Lennar was able to manipulate the bankruptcy process and ended up in control of the assets. CalPERS lost every dime "invested". This was unconscionable.

40.   CalPERS is an activist investor. By way of contrast, CalPERS as a major shareholder forced managerial changes on Disney Corporation when CalPERS was dissatisfied with management of the company.

41.   CalPERS recently took investment banks to Court for selling bogus Lehman Brothers stock and bonds to the fund in the year 2007. The case went all the way up to

the United States Supreme Court in an attempt to recover approximately $300 million dollars.

42.   CalPERS routinely sues distressed municipalities to ensure uninterrupted payments to the fund.

43. As another exemplar, CalPERS participated in lawsuits seeking recovery from Standard & Poors and other rating agencies for improperly rating subprime mortgage bonds.

44. A possible explanation of this otherwise inexplicable situation suddenly emerged in July of 2014. The CEO of CalPERS was Federico Buenrostro Jr. (hereinafter "Buenrostro") at the time Lennar and CalPERS entered into the fraudulent Contribution Agreement.

45. Buenrostro was indicted in 2014 for running a "pay-to-play" operation at the same time CalPERS and Lennar entered into the Contribution Agreement. Buenrostro quickly agreed to a plea agreement. In that plea agreement, Buenrostro stated that he was responsible for CalPERS' financial affairs, and that he was involved in all ongoing and prospective investment decisions (to be detailed further below).

46. Buenrostro is currently incarcerated at Sheridan Federal Correctional Institution in Oregon *(Inmate Number: 18076-111)*. Buenrostro has yet to be deposed regarding any potential involvement with Lennar in another "pay-to-play" scheme or the underlying facts of this FAC.

47. In addition to the routine use of false appraisals, misleading cash flows, straw buyers and the like, Lennar has a documented history of corruption in California. The Lennar executives have been implicated in a number of bribery schemes involving public

officials. These allegations include secret contributions to the mayor of Concord, California to obtain valuable redevelopment rights, and an alleged bribe to the head of the redevelopment agency in San Diego, California. This was also to attempt to obtain valuable redevelopment rights. Independent investigators retained by these municipalities have confirmed these allegations.

48. One of Lennar's chief political advisors in the San Francisco area was Keith Jackson. Jackson was indicted for illegal campaign contributions, felony bribery, campaign finance fraud, and money laundering. He is now in prison. Jackson was paid almost $500,000 by Lennar for his services. It is well-documented that Jackson acted as a liaison between Lennar executives and a notorious local crime figure named – Raymond "Shrimp Boy" Chow. Chow is also in prison serving his sentence on 162 counts, including numerous felony bribery and "pay-to-play" schemes.

## IV.    LENNAR'S FRAUD ON CALPERS AND THE STATE OF CALIFORNIA

49. Miller has been the President and Chief Executive Officer of Lennar since 1997 upon the death of his father Leonard Miller. That same year Lennar spun-off LNR for its commercial operations. According to corporate disclosures at that time, Miller was the sole officer and director of a family-owned corporation which owned the stock which gives voting control over both companies.

50. Thereafter, LandSource was formed by Lennar and LNR in the summer of 2003 as a Delaware limited liability company. It was created as a holding company to acquire assets for the Lennar/LNR partnership. Lennar and LNR were the only members of LandSource at that time.

51. LNR specialized in management and servicing of high-risk, distressed real estate

securities and commercial loans which were non-performing. Miller was the Chairman of LNR. It operated as a division of Lennar until 2005. At that time it was taken private by various other corporate entities owned and/or controlled by Miller and LNR executives.

52. On or near February 26, 2007, ownership in LandSource was amended per a Limited Liability Company Agreement (hereinafter the "LLC Agreement"). Pursuant to the LLC Agreement, Lennar and LNR were designated as Class "A" Members, who owned a total of thirty-two percent (32%) of LandSource ((sixteen percent (16%) each)). MWHP (CalPERS) owned a sixty-eight percent (68%) interest in LandSource and was designated as a Class "B" Member. Prior to this amendment, Lennar and LNR owned an equal fifty/fifty percent interest in LandSource.

53. On or near March 1, 2007, Lennar and its sister company LNR took the "Special Distributions" under the Contribution Agreement (referenced above) with an entity named MW Housing Partners III L.P. (hereinafter "MWHP"). MWHP was an entity majority-owned by CalPERS in the amount of ninety percent (90%) and was fully controlled by CalPERS.

54. The Managing Members of LandSource were technically LNR and Lennar per the LLC Agreement, but Lennar actually managed and was charged with the daily operations of LandSource. These companies were highly compensated for their services. Lennar/LNR and MWHP technically maintained equal control of LandSource's Executive Committee.

55. Jaffe as the Chief Operating Officer for Lennar, was the principal decision maker for LandSource. And, of course, Lennar had fiduciary duty to all of the members of

LandSource, including MWHP (CalPERS).

56. The main purpose of the Contribution Agreement was ostensibly to fund an investment in LandSource. MWHP's (CalPERS) total investment in real property and cash totaled approximately $970 million dollars. This was an indirect investment by CalPERS and for it MWHP received its stake in LandSource. As described above, Lennar and LNR retained a minority interest in LandSource and Lennar retained its role as sole manager of LandSource.

57. Lennar also planned to use LandSource and its newly acquired assets to obtain secured debt. This intent to borrow was outlined in the Contribution Agreement. Lennar was successful in this regard and obtained financing in the approximate amount of $1.4 billion dollars from Barclays. The debt obligation shall be further detailed.

58. With the Barclays funding committed, a new subsidiary was created by the parties named LandSource Holding Company, LLC (hereinafter "LandSource Holding"). This entity funded payment of the "Special Distributions" to LandSource itself, which would then distribute such amounts to the existing members LNR and Lennar. These "Special Distributions" were made immediately, and in the approximate amounts of $700 million dollars to Lennar and $700 million dollars to LNR.

59. The Barclays syndicated loan consisted of a $1.06 billion dollar first-lien term loan; a $244 million dollar second-lien term loan; and a $200 million dollar revolving credit line (hereinafter the "Barclays Financing").

60. The first-lien term loans and second-lien term loans were obligations secured by perfected security interests in nearly all of LandSource's real property and personal property, including the assets contributed by CalPERS.

FIRST AMENDED COMPLAINT – [Filed Under Seal]

61. In concert with the Lennar Defendants, appraisals produced in December 2006 of LandSource's real property (hereinafter the "Appraisals") which were used to secure the Barclays Financing overstated the value of LandSource's assets, and contained severe omissions and errors.

62. Lennar is a highly sophisticated party and knew or should have known that the relied upon Appraisals were highly overstated. And worse, in a rapidly declining market, no appraisals were reliable. This was especially true for appraisals which contained grossly overstated valuations and misinformation in the first place. This was right in line with Jaffe's statement which described the housing and land markets as being in "absolute freefall".

63. As a further indication of this point, at the same time of the Contribution Agreement with CalPERS and lining-up the $1.4 billion dollar syndicated loan from Barclays, Lennar was also re-negotiating their land purchase in Maryland citing a "rapidly falling market". Lennar executives resorted to the use of completely fabricated appraisals and straw buyers in Ft. Myers, Florida because actual real estate values had declined so precipitously that engaging in legitimate loan transactions with legitimate buyers was not possible.

64. The practical effect of utilizing appraisals in a market in "free fall" is that appraisals do not and cannot represent true and accurate values. However, without use of these fraudulent appraisals, the Lennar Defendants would not have been unjustly enriched by the huge "Special Distribution".

65. Moreover, LandSource had a "Borrowing Base Limitation" to comply with on its $1.06 billion dollar first-lien term loan and $244 million dollar second-lien term loan. This

issue required LandSource to maintain total outstanding credit of less than or equal to a percentage of the total value of its assets.

66. The Lennar Defendants, in order to obtain critical assets from CalPERS, provided fraudulent cash flow projections indicating that Lennar and its sister company LNR intended to purchase 70% of LandSource's assets over a three (3) year period. This was relied upon by MWHP (CalPERS) when entering into these transactions, as it was to create much needed cash flow for LandSource – so that it could service and repay its mountain of debt.

67. The Lennar Defendants neither had the intention nor even the capability of following through on the representations contained in the crucial cash flow projections submitted to CalPERS by Lennar. Thus, LandSource's cash flow and revenues in 2007 and 2008 were negligible in comparison to its debt load. Specifically, Lennar's false promises to produce purchase contracts, right of first refusals, and option agreements were relied upon by LandSource to account for over seventy percent (70%) of its cash-flow.

68. Prior to accepting the real property contributions from MWHP (CalPERS) the Lennar Defendants knew, or should have known, that LandSource would be insolvent upon funding of the loan and transfer of the proceeds.

69. Moreover, the debt incurred by LandSource against the assets of MWHP (former assets of CalPERS) was reckless. The LandSource debt, arranged by the Lennar Defendants, was obviously incurred without the intent or means to repay the principal or even maintain customary debt servicing. In this time-frame, LandSource had small and easily manageable debt obligations until Lennar increased the amount of the LandSource debt to over $1.4 billion dollars. All of the debt was incurred in order to fund the $1.4 billion

FIRST AMENDED COMPLAINT – [Filed Under Seal]

dollars in distributions to the Lennar Defendants, and none of it to support LandSource's operations.

70. This egregious conduct placed LandSource into bankruptcy slightly over one (1) year later. Lennar knew that LandSource could not pay its exorbitant debts while at the same time fund huge "Special Distributions" to Lennar and LNR. Specifically, the problems at LandSource were not the product of a declining market. They were the product of a calculated scheme to obtain desperately-needed cash at a time when Lennar itself was facing insolvency. And over 1.8 million members of CalPERS paid the price.

71. Lennar executed its fraud through the use of the inflated appraisals and misstated cash-flow projections. This is classic loan fraud. MWHP (CalPERS) was clearly misled which produced a huge loss of all of its total investment per the Contribution Agreement.

72. This transaction took place at a time when Lennar had gigantic losses for six (6) quarters in a row for over $2.4 billion dollars. Lennar did not have the ability to honor the intent or the spirit of its commitment to buy land and assets from LandSource. The executives reasonably knew this prior to the "Special Distribution". In Lennar's world home sales were plummeting, the sub-prime mortgage market was imploding, land values collapsed, and land markets all but dried up.

73. The Lennar Defendants used LandSource to orchestrate distributions to Lennar and LNR in the gross amount of $1.4 billion dollars. LandSource was immediately in critical condition as soon as Lennar burdened the balance sheet via the Barclays funding.

74. The Lennar executives certainly knew by March 1, 2007 that the real estate and

mortgage markets were imploding. And they knew this before the "Special Distribution" to themselves and LNR.

75. For example Lennar knew or should have known that LandSource would not be able to service its debt, that Lennar had no intent to complete the promised real property acquisitions and that MWHP (CalPERS) had relied on these representations when making its investment into LandSource. Lennar had successfully disguised both its' real financial condition and its true intentions.

76. Predictably in January 2008, LandSource defaulted on its first-lien term loan and was not in compliance with the Borrowing Base Limitations. This caused acceleration of the prepaid amounts owed by LandSource, which it defaulted upon.

77. Lennar, as manager of LandSource, delayed matters by entering into multiple forbearance agreements, but ultimately defaulted on those agreements as well. These forbearance agreements were just a ploy to buy time until more than one (1) year elapsed from the date of the "Special Distribution". Upon information and belief, Lennar had also been improperly taking funds from other controlled ventures to prop-up LandSource to buy time and avert the potentially disastrous bankruptcy preference period. But eventually LandSource was out of options.

78. In April 2008, LandSource received a Notice of Event of Default and Reservation of Rights from the first-lien agent pursuant to its failure to make the required prepayments associated with the breach of the Borrowing Base Limitation.

79. Then a week later, the second-lien agent issued a Notice of Event of Default and Reservation of Rights related to LandSource's default on the first-lien term loan facility. LandSource filed bankruptcy approximately a month and a half later.

**FIRST AMENDED COMPLAINT – [Filed Under Seal]**

80. In essence, the Lennar Defendants needed a cash infusion desperately; they knew the housing market in a steep decline; they knew LandSource was insolvent when it incurred a huge amount of debt without the intent or ability to pay; they knew they had no intention to follow-up on their business plan to buy a majority of the real property from LandSource over the next three (3) years; they knew they could take a "Special Distribution" of approximate $1.4 billion dollars of MWHP (CalPERS) money even though LandSource was sure to fail; and they knew they could file a bankruptcy petition for LandSource shortly thereafter.

81. The Lennar executives also appeared to know in advance that CalPERS management would not get involved, assert creditor rights, or otherwise intervene in the bankruptcy process, even though CalPERS was the majority owner of the debtor entity, and had almost a billion dollars of assets at stake.

82. Lastly in 2011, the investigation began against Buenrostro at CalPERS. Due to this investigation a Securities and Exchange Commission Complaint was filed along with a Federal Indictment. Buenrostro pled guilty to the federal indictment for conspiracy to commit corruption and fraud. According to the indictment Buenrostro conspired to commit fraud by creating false disclosure and investment documents and accepting bribes for placement of CalPERS assets.

83. In a plea agreement filed on July 11, 2014, Buenrostro stated *"As CEO, the highest ranking officer with powers and duties directly delegated from the CalPERS Board of Administration, I was responsible for, among other things, the administration of CalPERS financial affairs, including the operation of CalPERS investment staff and was entrusted with, among other things, confidential, internal, and proprietary*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*information relating to CalPERS on-going investments and prospective investment decisions in connection with CalPERS' administration of billions of dollars in assets*".

Buenrostro was the final authority on transactions like the LandSource Contribution Agreement.

84. In fact, Buenrostro was running a "pay-to-play" scheme as CEO of CalPERS at the same time Lennar executives were executing the most audacious swindle in CalPERS history.

## FIRST CAUSE OF ACTION

### False Claims Act – Government Code § 12651, subd. (a)(1)

### (Against All Defendants & DOES 1 to 100)

85. The Relator repeats and re-alleges the allegations contained in paragraphs 1 through 84 above, inclusive, as though fully set forth herein.

86. This is a claim for treble damages and penalties pursuant to the *qui tam* provisions of the California False Claims Act, Government Code Section 12650, *et seq.*

87. Lennar knowingly and fraudulently swindled CalPERS and the State of California in the approximate amount of $970 million dollars as described in detail above.

88. As a proximate result of Lennar's actions, CalPERS and the State of California suffered damages in a specific amount to be determined at trial.

## SECOND CAUSE OF ACTION

### False Claims Act – Government Code § 12651, subd. (a)(2)

### (Against All Defendants & DOES 1 to 100

89. The Relator repeats and re-alleges the allegations contained in paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

90. This is a claim for treble damages and penalties pursuant to the *qui tam* provisions of the California False Claims Act, Government Code Section 12650, *et seq*.

91. Lennar knowingly and fraudulently swindled CalPERS and the State of California in the approximate amount of $970 million dollars as described in detail above.

92. As a proximate result of Lennar's actions, CalPERS and the State of California suffered damages in a specific amount to be determined at trial.

### THIRD CAUSE OF ACTION

### False Claims Act – Government Code § 12651, subd. (a)(7)

### (Against All Defendants & DOES 1 to 100

93. The Relator repeats and re-alleges the allegations contained in paragraphs 1 through 92 above, inclusive, as though fully set forth herein.

94. This is a claim for treble damages and penalties pursuant to the *qui tam* provisions of the California False Claims Act, Government Code Section 12650, *et seq*.

95. Lennar knowingly and fraudulently swindled CalPERS and the State of California in the approximate amount of $970 million dollars as described in detail above.

96. As a proximate result of Lennar's actions, CalPERS and the State of California suffered damages in a specific amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### False Claims Act Conspiracy – Government Code § 12651, subds. (a)(7) and (a)(3)

### (Against All Defendants & DOES 1 to 100

97. The Relator repeats and re-alleges the allegations contained in paragraphs 1 through 96 above, inclusive, as though fully set forth herein.

98. This is a claim for treble damages and penalties pursuant to the *qui tam* provisions of

the California False Claims Act, Government Code Section 12650, *et seq.*

99. The Lennar Defendants, and each of them, conspired to conceal, and knowingly and fraudulently swindle CalPERS and the State of California in the approximate amount of $970 million dollars as described in detail above.

100.    As a proximate result of the Lennar Defendants' actions, CalPERS and the State of California suffered damages in a specific amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, et. seq.

### (Against All Defendants & DOES 1 to 100

101.    The Relator repeats and re-alleges the allegations contained in paragraphs 1 through 100 above, inclusive, as though fully set forth herein.

102.    The above described acts by Lennar constitutes unfair competition within the meaning of Business & Professions Code Section 17200, in that they include, but are not limited to the following fraudulent business practices as described in paragraphs 1 through 84 above.

103.    These acts and practices constitute unfair competition within the meaning of Business & Professions Code section 17200 in that they violate Government Code Section 12650, *et seq.* as more particularly described in paragraphs 1 through 84 above.

104.    As a proximate result of Lennar's unlawful business practices, Lennar wrongfully retained monies that rightfully belonged to the CalPERS' Pension Funds in a specific amount to be determined at trial.

## DEMAND FOR JURY TRIAL

105.    The Relator demands trial by jury on all matters so triable.

/ / /

**PRAYER FOR RELIEF**

Wherefore, the Relator pursuant to the *qui tam* provisions of the California False Claims Act prays for relief against all Defendants in this First Amended Complaint as follows:

1. Three times the damages which CalPERS and the State of California sustained as a result of Defendants' false claims in an amount to be determined;

2. Civil penalties in the amount of $11,000.00 for each false claim pursuant to Government Code Section 12651, subdivision (a);

3. Civil penalties in the amount of $2,500.00, pursuant to Business & Professions Code Section 17206, for each act by Defendants in violation of Business & Professions Code Section 17200;

4. For a permanent injunction pursuant to Business & Profession Code Section 17203 restraining and enjoining Defendants, and each of them, and all those acting under, by through or on behalf of them, from engaging in or performing directly or indirectly, any or all of the following:

   a. Making, or conspiring to make, any false claim as set forth in paragraphs 1 through 84 above.

   b. Making, conspiring, using, or causing to be made or used false statements, documents or records to swindle CalPERS and the State of California in the approximate amount of $970 million dollars.

   c. Engaging in any acts of unfair competition described in paragraphs 1 through 84, or any other act of unfair competition.

   d. Engaging in a pattern and practice of fraud, fraud in the inducement, constructive fraud, intentional and negligent misrepresentation, breach of

fiduciary duty, all to the detriment of CalPERS and the State of California.

5. That Lennar be ordered to make full restitution, pursuant to Business & Professions Code Section 17203, of any money that may have been acquired and/or wrongfully retained by means of their violation of Business & Professions Code Section 17200;

6. For costs of suit incurred herein.

7. Such further or additional relief as the Court deems just and proper.


Respectfully submitted,

RENDA LAW OFFICES, P.C.

Dated: October 24, 2017

By: _____
Vincent Renda, Esq.
Attorneys for Relator
Citizens Against Corporate Crime, LLC

**FIRST AMENDED COMPLAINT – [Filed Under Seal]**

ORIGINAL

CONFIDENTIAL

MC–060

FOR COURT USE ONLY
ENDORSED

2018 JAN 24  AM 11: 04

LAW AND MOTION DEPT 53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

ATTORNEY (Name, state bar number, and address):
Joanna Rosen Forster (244943)
Deputy Attorney General
455 Golden State Avenue, Suite 11000
San Francisco, CA  94102
TELEPHONE NO.: 415-703-5511    FAX NO. (Optional): 415-703-1234
E-MAIL ADDRESS (Optional): joanna.forster@doj.ca.gov
ATTORNEY FOR: ☐ PLAINTIFF  ☑ OTHER (specify):
                 People of the State of California

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA  95814-1398
BRANCH NAME:

PLAINTIFF:            [UNDER SEAL]

DEFENDANT:           [UNDER SEAL]

CONFIDENTIAL COVER SHEET–FALSE CLAIMS ACTION

CASE NUMBER:
34-2017-00208469

---

INSTRUCTIONS: This civil action is brought under the False Claims Act,
Government Code section 12650 et seq. The documents filed in this case
are under seal and are confidential pursuant to Government Code section
12652(c).

This Confidential Cover Sheet must be affixed to the caption page of the
complaint and to any other paper filed in this case until the seal is lifted.

You should check with the court to determine whether papers filed in False
Claims Act cases must be filed at a particular location.

Seal to expire on (date):
June 25, 2018
UNLESS:
(1) Motion to extend time is
    pending; or
(2) Extended by court order

---

1. The document to which this cover sheet is affixed is:
   a. ☐  Complaint for damages for violation of the False Claims  Act
   b. ☐  Civil Case Cover Sheet (form 982.2(b)(1))
   c. ☐  Motion for an extension of time to intervene
   d. ☐  Affidavit or other document in support of the motion for an extension of time
   e. ☐  Order extending time to intervene (specify date order expires):
   f. ☐  Other order (describe):

   g. ☐  Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h. ☑  Other (describe):
         Application for Order Lifting the Seal as to Certain Documents and In Camera Declaration of Joanna
         Rosen Forster In Support Thereof

2. This Confidential Cover Sheet and the attached document must each be separately file-stamped by the clerk of the court.

Date: January _10_ 2018

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
MC-060 [Rev. January 1, 2007]

CONFIDENTIAL COVER SHEET
FALSE CLAIMS ACTION

Gov. Code, § 12652(c);
Cal. Rules of Court, rules 2.570-2.573
www.courtinfo.ca.gov

1   XAVIER BECERRA
    Attorney General of California
2   FREDERICK W. ACKER
    Supervising Deputy Attorney General
3   JOANNA ROSEN FORSTER
    Deputy Attorney General
4   State Bar No. 244943
      455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5511
6   Fax:  (415) 703-1234
    E-mail:  Joanna.Forster@doj.ca.gov
7   *Attorneys for the People of the State of California*

FILED
ENDORSED

2019 JAN 24  AM 11: 05

LAW AND MOTION DEPT.53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**              Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                                **APPLICATION FOR ORDER LIFTING**
                                                 **THE SEAL AS TO CERTAIN**
13                            Plaintiff,         **DOCUMENTS AND IN CAMERA**
                                                 **DECLARATION OF JOANNA ROSEN**
14          v.                                   **FORSTER IN SUPPORT THEREOF**

15

16  **LENNAR CORPORATION, a Florida**           Dept:        53
    **corporation, and DOES 1 Through 100,**    Judge:       Hon. David I. Brown
17  **Inclusive,**                              Trial Date:  None Set
                                                 Action Filed: February 24, 2017
18                            Defendant.

19

20

21                            **FILED UNDER SEAL**

22       **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5)**

23                     **and California Rules of Court, rule 2.571(a)**

24

25

26

27

28
                                        1
    ─────────────────────────────────────────────────────────────────────
    APPLICATION FOR ORDER LIFTING THE SEAL AS TO CERTAIN DOCUMENTS AND IN CAMERA
    DECLARATION OF JOANNA ROSEN FORSTER IN SUPPORT THEREOF (34-2017-00208469)

1   **TO THE SUPERIOR COURT, STATE OF CALIFORNIA, SACRAMENTO COUNTY:**

2          Pursuant to California Rule of Court 2.573(d), the California Attorney General's Office

3   ("CAGO") respectfully submits this Application for an order directing the unsealing of certain

4   documents and the continued sealing of the: (1) April 18, 2017, *In Camera* Declaration of

5   Jacqueline Dale in Support of Application to Extend Seal and Time to Intervene Pursuant to

6   Government Code section 12652; and (2) December 21, 2017 *In Camera* Declaration of Joanna

7   Rosen Forster in Support of Application to Extend Seal and Time to Intervene Pursuant to

8   Government Code section 12652.

9          This action was originally filed on February 24, 2017, under seal by the *qui tam* plaintiff

10  pursuant to Government Code section 12652 subdivision (c)(2) of the California False Claims Act

11  ("CFCA").  CFCA permits a whistleblower, known as a *qui tam* plaintiff, to file an action on

12  behalf of the Government and requires such actions to be filed under seal in order to allow the

13  Government an opportunity to investigate the allegations and to determine whether to intervene.

14  (Government Code section 12652 subdivision (c)(2).)  On April 18, 2017, the CAGO filed an

15  application to extend the seal by six (6) months, to October 25, 2017.  Filed along with the

16  application to extend the seal was the *In Camera* Declaration of Jacqueline Dale in Support of

17  Application to Extend Seal and Time to Intervene Pursuant to Government Code section 12652.

18          On October 24, 2017, the *qui tam* plaintiff filed a First Amended Complaint which

19  extended the seal by an additional two (2) months to December 26, 2017.  On December 22,

20  2017, the CAGO filed an application to extend the seal by an additional six (6) months to, and

21  including, June 25, 2018.  Accompanying this application was the December 21, 2017 *In Camera*

22  Declaration of Joanna Rosen Forster in Support of Application to Extend Seal and Time to

23  Intervene Pursuant to Government Code section 12652.

24          Concurrently filed herewith is the CAGO's Notice of Election to Decline Intervention.  As

25  the CAGO has declined to intervene, the seal should be lifted as to all documents but for:  (1) the

26  April 18, 2017, *In Camera* Declaration of Jacqueline Dale in Support of Application to Extend

27  Seal and Time to Intervene Pursuant to Government Code section 12652; and (2) the December

28  21, 2017 *In Camera* Declaration of Joanna Rosen Forster in Support of Application to Extend

2

1    Seal and Time to Intervene Pursuant to Government Code section 12652. which, as explained in

2    the Declaration of Joanna Rosen Forster below, discusses the nature and extent of the

3    Government's investigation.

4         As stated in the CAGO's Notice of Election to Decline Intervention, the CAGO, by and

5    through the undersigned, respectfully requests that it be served with:  (1) any proposal to dismiss,

6    settle, or otherwise terminate this action; and (2) any notice or petition initiating any appeal and

7    each paper and brief filed in the appeal, pursuant to Government Code section 12656.  Please

8    serve Joanna Rosen Forster, Deputy Attorney General, False Claims Unit.

9

10

    Dated: January 1, 2018                              Respectfully Submitted,

11

12                                                        XAVIER BECERRA
                                                          Attorney General of California

13

14

15                                                        JOANNA ROSEN FORSTER
                                                          Deputy Attorney General
16                                                        *Attorneys for the People of the State of*
                                                          *California*
17

18

19

20

21

22

23

24

25

26

27

28
                                          3

1

2 ### *In Camera* Declaration of Joanna Rosen Forster

3

4 I, Joanna Rosen Forster, declare and state as follows:

5

6    1.    I am a Deputy Attorney General assigned to the Corporate Fraud Section of the

7 California Department of Justice, and I am one of the attorneys assigned to this matter. Except as

8 otherwise stated, I have first-hand knowledge of the facts set forth herein, and if called as a

9 witness, I could and would competently testify thereto.

10    2.    The complaint in this action was filed by *qui tam* plaintiff on February 24, 2017. The

11 complaint was filed under seal as required by the California False Claims Act, Government Code

12 section 12652, subdivision (c)(2).

13    3.    The California Attorney General's Office ("CAGO") filed an application on April 18,

14 2017, to extend the seal by six (6) months to, and including October 25, 2017. The April 18,

15 2017 *In Camera* Declaration of Jacqueline Dale ("Dale declaration") filed in support of this

16 application discussed the nature and extent of the CAGO's investigation. The Dale declaration is

17 confidential and the CAGO respectfully requests that the Court maintain the seal over the Dale

18 declaration, notwithstanding any other subsequent order lifting the seal in this matter.

19    4.    The *qui tam* plaintiff filed a First Amended Complaint on October 24, 2017, which

20 extended the seal by sixty (60) days to December 26, 2017.

21    5.    The CAGO also filed an application on December 22, 2017, to extend the seal by (6)

22 months to, and including, June 25, 2018. Accompanying this application was the December 21,

23 2017 *In Camera* Declaration of Joanna Rosen Forster ("Forster Declaration"). The Forster

24 Declaration filed in support of this application discussed the nature and extent of the CAGO's

25 investigation. The Forster declaration is confidential and the CAGO respectfully requests that the

26 //

27 //

28 //

4

1

2     Court maintain the seal over the Forster declaration, notwithstanding any other subsequent order

3     lifting the seal in this matter.

4          I declare under penalty of perjury under the laws of the State of California that the

5     foregoing is true and correct and that this was executed on this ___19___ day of January, 2018, at

6     San Francisco, California.

7

8                                         _____
                                          JOANNA ROSEN FORSTER
9                                         Deputy Attorney General

10    SF2017303716

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          5
      APPLICATION FOR ORDER LIFTING THE SEAL AS TO CERTAIN DOCUMENTS AND IN CAMERA
      DECLARATION OF JOANNA ROSEN FORSTER IN SUPPORT THEREOF (34-2017-00208469)

1  BARNES LAW
   Robert E. Barnes, Esq. (CABN: 235919)
2  Tony Nasser, Esq. (CABN: 307930)
   601 S. Figueroa Street, Ste. 4050
3  Los Angeles, CA 90017
   Tel: (310) 510-6211
4  Fax: (310) 510-6225
   Email: robertbarnes@barneslawllp.com
5  Email: tonynasser@barneslawllp.com

6  Attorneys for Relator, Citizens Against Corporate Crime, LLC

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10
   CITIZENS AGAINST CORPORATE CRIME,          Case No.: 34-2017-00208469
11 LLC, a Wyoming limited liability company, as
   Relator,                                    NOTICE AND MOTION FOR PRO HAC
12                                              VICE ADMISSION OF BRIAN MAHANY;
                                                MEMORANDUM OF POINTS AND
13          v.                                  AUTHORITIES; VERIFIED APPLICATION
                                                OF BRIAN MAHANY; [PROPOSED]
14 LENNAR CORPORATION, a Delaware              ORDER
   corporation, and DOES 1 through 100,
15 Inclusive,
                                                Dept:        53
16          Defendants.                         Judge:       Hon. David I. Brown
                                                Trial Date:  None Set
17                                              Action Filed: February 24, 2017

18

19                          **FILED UNDER SEAL**

20  **Pursuant to Government Code Section 12652, subdivisions (c)(2) And (c)(5) and California**
21                     **Rules Of Court 2.550 and 2.570–2.573**

22

23

24

25

26

27

28

1    **PLEASE TAKE NOTICE** that on February 20, 2018, at 1:30 p.m., or as soon thereafter as

2    this Court can accommodate, in the Superior Court of California for the County of Sacramento,

3    located at 720 9th Street, Sacramento, California, 95814, I, Robert E. Barnes, hereby submit an

4    application for *Pro Hac Vice* admission of Brian Mahany in the above-entitled action pursuant to

5    California Rules of Court, rules 9.40 and 8.54.

6

7    This application is based upon this notice, the accompanying memorandum of points and

8    authorities, the verified application of Brian Mahany, the proposed order, the documents already on

9    file in this case, and any oral argument that may be heard regarding this motion.

10

11    Submitted on January 17, 2018.

12

13                                                    /s/ Robert E. Barnes
                                                      ROBERT E. BARNES
14                                                    Attorney for Defendant
                                                      Howard Hsu
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                - 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3          Brian Mahany, an attorney in good standing with the bar of the State of Maine and
4   Wisconsin, seeks *pro hac vice* admission in relation to this case.
5          Rule 9.40 of the California Rules of Court permits an attorney to appear as counsel *pro hac*
6   *vice*, in the court's discretion, by means of an application made by motion as set forth in Rule 8.54
7   of the California Rules of Court, which shall be accompanied by a verified application of the subject
8   attorney. Additionally, counsel for Relator has notified and provided copies of this application and
9   supporting documents to the State Bar of California. Counsel has also submitted the required $50.00
10  fee.
11         As demonstrated in the attached verified application, Brian Mahany satisfies each
12  requirement set forth in Rule 9.40 for admission to appear in this action *pro hac vice*. Mr. Mahany
13  resides outside of California, is a member in good standing in all state and federal courts to which
14  he has been admitted, and is not currently suspended or disbarred in any court.
15         Thus, counsel for Relator hereby requests that Mr. Mahany be permitted to appear as counsel
16  *pro hac vice* in this action.
17
18         Respectfully submitted this 17th day of January 2018.
19
20                                                   /s/ Robert E. Barnes
21                                                   ROBERT E. BARNES
                                                     Attorney for Relator
22                                                   Citizens Against Corp. Crime, LLC
23
24
25
26
27
28
                                                  - 2 -

1    **VERIFIED APPLICATION OF BRIAN MAHANY FOR *PRO HAC VICE* ADMISSION**

2

3    In accordance with Rule 9.40 of the California Rules of Court, I, Brian Mahany, an attorney

4    in good standing with the bar of the State of Maine and Wisconsin, do hereby apply for *pro hac*

5    *vice* admission to appear before the court of the State of California, County of Sacramento, on behalf

6    of Citizens Against Corporate Crime, LLC, in the above entitled action.

7    In support of this action, I certify the following under oath:

8    1.    I currently reside at 1233 Saddleback Ridge Trail, Bandera, TX 78003. I am an

9    attorney and member of Mahany Law. My business office is located at 8112 West Bluemound Road,

10    Suite 101, Wauwatosa, WI 53213, my business phone number is 414-258-2375, and my business

11    fax number is 414-777-0776. I am not a California resident, nor do I regularly engage in practice or

12    other business in California.

13    2.    I have been admitted to practice law before the following courts:

14    **State Courts:**

15    Wisconsin – Admitted April 3, 2009 (No. 1065623)

16    Maine – Admitted March 20, 1985 (No. 003269)

17    **Federal Courts:**

18    Eastern District of WI – Admitted January 30, 2008

19    Western District of WI – Admitted December 23, 2011

20    Eastern District of TX – Admitted November 4, 2013

21    Eastern District of MI – Admitted August 6, 2015

22    Northern District of IN – Admitted October 10, 2007

23    Northern District of IL – Admitted February 7, 2012

24    Southern District of IL – Admitted November 10, 2016

25    Northern District of Ohio – Admitted December 2, 2011

26    District of Maine – Admitted June 26, 2006

27    United States Court of Appeals for the Armed Forces – Admitted August 29, 1986

28    - 3 -

1    United States Tax Court – Admitted July 8, 1986

2         3.    I have never been suspended or disbarred from any court.

3         4.    I have not filed an application as counsel *pro hac vice* in this state in the preceding

4    two years.

5         5.    Local counsel of record with whom I am associated in this matter is Robert E. Barnes

6    and Tony Nasser of Barnes Law. They are active members in good standing with the State Bar of

7    California, State Bar Numbers 235919 and 307930, respectively. Their office is located at 601 South

8    Figueroa Street, Suite 4050, Los Angeles, California, 90017. Their office number is 310-510-6211.

9         6.    I agree to comply with the provisions of the California Rules of Professional

10   Conduct, and I consent to the jurisdiction of the courts and the disciplinary boards of the State of

11   California in connection with this matter.

12        7.    A copy of this application was served upon the State Bar of California, and payment

13   of the required $50.00 fee in support of the application was also submitted to the State Bar of

14   California pursuant to Rule 9.40, subdivision (e), of the California Rules of Court.

15

16        I declare under penalty of perjury under the laws of the State of California that the foregoing

17   is true and correct to the best of my knowledge.

18

19        Executed on December 28, 2017, at Milwaukee, WI.

20

21        \\\

22        \\\

23

24

25

26

27

28                                          - 4 -

Case No. 34-2017-00208469
Verified Application of Brian Mahany
Relator's Motion for *Pro Hac Vice* Admission of Brian Mahany

1

2

3    Brian Mahany

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

**PROOF OF SERVICE**
**(Code Civ. Proc. §§ 1013a(3) and 2015.5)**

*Citizens Against Corporate Crime, LLC, v. Lennar Corporation, et al.*

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF SAN DIEGO          )

        I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 601 South Figueroa Street, Suite 4050, Los Angeles, California 90017.

        On January 17, 2018, I served the following document(s) described as

**NOTICE AND MOTION FOR PRO HAC VICE ADMISSION OF BRIAN MAHANY; MEMORANDUM OF POINTS AND AUTHORITIES; VERIFIED APPLICATION OF BRIAN MAHANY; [PROPOSED] ORDER**

on the interested parties in this action as follows:

☒      **BY MAIL:** Following ordinary business practices, by placing a true copy thereof enclosed in a sealed envelope for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully paid, at Golden, Colorado in the ordinary course of business.

Deputy Attorney General Joanna Forster
California Department of Justice
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102

The State Bar of California
Office of Admissions
180 Howard St.
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 17, 2018, in Golden, Colorado.

TONY NASSER

- 7 -

Case No. 34-2017-00208469
Certificate of Service for
Relator's Motion for *Pro Hac Vice* Admission of Brian Mahany

1

2                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

3                              COUNTY OF SACRAMENTO

4

5    CITIZENS AGAINST CORPORATE CRIME,        Case No.: 34-2017-00208469
     LLC, a Wyoming limited liability company, as
6    Relator,

7              v.                              [PROPOSED] ORDER

8

9    LENNAR CORPORATION, a Delaware
     corporation, and DOES 1 through 100,
10   Inclusive,

11             Defendants.

12

13

14         IT IS HEREBY ORDERED that the application for the admission of Brian Mahany as

15   counsel *pro hac vice* in this matter is granted.

16

17

18   Dated: _____         _____

19                                          Hon. David. I. Brown

20

21

22

23

24

25

26

27

28
     _____
     Case No. 34-2017-00208469
     Order Relating to
     Relator's Motion for *Pro Hac Vice* Admission of Brian Mahany

RECEIV

JAN 17 2018

CIV

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Citizens Against Corporate Crime LLC, a Wyoming limited liability company, as Relator vs. Lennar
Corporation , a Florida corporation

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2017-00208469-CU-FR-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Notice of Assignment to Department 35 for
Complex Case Management Determination was mailed following standard court practices in a sealed envelope
with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at
Sacramento, California, on 02/02/2018.

Clerk of the Court, by: */s/ D. Lashley* _____ , Deputy

ROBERT  E BARNES
LAW OFCS OF ROBERT G. BERNHOFT, S.C.
207 E BUFFALO STREET # 600
MILWAUKEE,  WI   53202 US

TONY NASSER
601  SOUTH FIGUEROA STREET # 4050
LOS ANGELES,  CA   90017 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

1    XAVIER BECERRA
     Attorney General of California
2    JACQUELINE DALE
     Supervising Deputy Attorney General
3    State Bar No. 170800
       455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5592
5    Fax:  (415) 703-5480
     E-mail:  Jacqueline.Dale@doj.ca.gov
6    *Attorneys for the People of the State of California*

FILED
Superior Court Of California,
Sacramento
04/21/2017
dodonnell
By_____ , Deputy
Case Number:
34-2017-00208469

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11   **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
     **CRIME, LLC, a Wyoming limited liability**
12   **company,**                            **EX PARTE APPLICATION TO EXTEND**
                                             **SEAL AND TIME TO INTERVENE**
13                            Plaintiff,     **PURSUANT TO GOVERNMENT CODE**
                                             **SECTION 12652; MEMORANDUM OF**
14              v.                           **POINTS AND AUTHORITIES IN**
                                             **SUPPORT**
15
     **LENNAR CORPORATION, a Florida**       Dept:       53
16   **corporation, and DOES 1 Through 100,** Judge:      Hon. David I. Brown
     **Inclusive,**                          Trial Date:  None Set
17                                           Action Filed:  February 24, 2017
                              Defendant.
18

19

20

21

22

23

24

25

26

27

28

                                    1

1  TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF

2  SACRAMENTO:

3      The California Attorney General hereby moves this Court ex parte for an Order extending

4  the seal and time to intervene in this action brought pursuant to the California False Claims Act,

5  Government Code Section 12652, subdivision (c) for six (6) months, through and including

6  October 25, 2017.

7      This application is filed *in camera* and under seal pursuant to the provisions of Government

8  Code section 12652, subdivision (c)(5), and California Rules of Court, rule 2.571(a).

9      This application is also brought ex parte pursuant to California Rules of Court, rules 2.572

10 and 3.1200 et seq. Qui tam plaintiff in this action is represented by Vincent Renda of Renda Law

11 Offices, P.C., 600 West Broadway, Suite 400, San Diego, CA 92101, telephone number (619)

12 819-0011. The AGO has informed qui tam plaintiff's counsel of this application and counsel

13 supports this application. (See In Camera Declaration of Jacqueline Dale, filed concurrently

14 herewith ("Dale Decl."), at ¶6.)

15      The seal in this matter is now set to expire on April 25, 2017. This application requests an

16 additional six (6) month extension of the seal, through October 25, 2017.

17      Good cause exists for such an extension of the seal for the reasons set forth in the

18 Memorandum of Points and Authorities attached hereto and in the in camera Declaration of

19 Supervising Deputy Attorney General Jacqueline Dale, which is filed concurrently herewith.

20 Dated: April 19, 2017                        Respectfully Submitted,

21                                              XAVIER BECERRA
22                                              Attorney General of California

23

24

25                                              JACQUELINE DALE
                                                Supervising Deputy Attorney General
26                                              *Attorneys for the People of the State of*
                                                *California*
27

28

2

1        **MEMORANDUM OF POINTS AND AUTHORITIES**

2        The California Attorney General respectfully applies to this Court for a six (6) month

3    extension of the seal and time to intervene, through October 25, 2017, pursuant to the California

4    False Claims Act ("CFCA"), Government Code section 12650 et seq.

5    **A.    Factual and Procedural Background**

6        This action arises from a *qui tam* complaint filed pursuant to the CFCA.  This matter is

7    currently under seal, with the seal expiring on April 25, 2017.  In accordance with the provisions

8    of the CFCA, defendants have not yet been served and this case is not yet at issue.  (See Gov.

9    Code. § 12652, subd. (c) (9) ["The defendant shall not be required to respond to any complaint

10   filed under this section until 30 days after the complaint is unsealed and served upon the

11   defendant pursuant to Section 583.210 of the Code of Civil Procedure."].)

12       QT plaintiff alleges defendant Lennar Corporation ("Lennar") made financial

13   misrepresentations to induce MW Housing Partners III L.P., an entity that was ninety percent

14   (90%) CalPERS-owned, to become a partial owner of LandSource Communities Development

15   LLC ("LandSource") in late 2006.  (See, e.g., Complaint ¶ 28.)  The Complaint also alleges

16   improprieties when the jointly owned but Lennar-controlled LandSource provided false

17   information to secure credit and incur debt to finance improper "special distributions" to Lennar

18   and its sister company in the amount of $1.4 billion.  (Complaint at ¶ 29.)  As alleged, CalPERS

19   lost $970 million when LandSource went bankrupt in 2008.  (Complaint at ¶¶ 1 and 38.)

20   **B.    The California False Claims Act Authorizes the Attorney General's Office
         to Seek Additional Extensions of the Seal and Time to Intervene**

21

22       The CFCA permits a qui tam plaintiff who has particular information about financial

23   misdeeds against the government to initiate an action.  "Qui tam" is derived from a Latin term

24   that means "he who as much for the king as for himself."  The qui tam plaintiff is a "whistle

25   blower" who brings the action on behalf of the governmental entity that is a victim of a false

26   claim and the real party in interest.  (Gov. Code, § 12652, subd. (c)(1).)  Accordingly, while the

27   action may be initiated by the whistleblower, the CFCA mandates that the government is given a

28   period of time to investigate the allegations and to determine whether to intervene as the real

3

1    party in interest. (Gov. Code, § 12652, subds. (c)(2), (3) & (4).) This investigation occurs while

2    the action is sealed and before the defendant is served. (Gov. Code, § 12652, subd. (c)(2).)

3        The Government Code allows the AGO to seek extensions of the seal while conducting an

4    investigation to determine whether to intervene and proceed with the action. (See Gov. Code, §

5    12652, subd. (c)(5).) Specifically, Government Code section 12652 subdivision (c)(5) provides:

6        The Attorney General may, for good cause shown, move the court for extensions of
         the time during which the complaint remains under seal pursuant to paragraph (2).
7        The motion may be supported by affidavits or other submissions in camera.

8        As provided by the Code, more than one extension may be granted when there is good

9    cause to continue the seal to allow the government to continue its investigation. (*Id.*)

10       The seal may be extended by ex parte application. (Cal. Rules of Court, rule 2.572.) While

11   the action is under seal, it is not subject to the California Rules of Court, rule 3.110 and the case

12   management rules and service deadlines in title 3, division 7. (Cal. Rules of Court, rule

13   2.573(e)(2).)

14       The seal provisions are intended to strike a balance between the purpose of qui tam actions

15   and law enforcement needs.

16       The purpose of qui tam actions is to encourage more private false claims litigation [S.
         Rep. No. 345, 99th Cong., 2nd Sess. 24 reprinted in 1986 U.S.C.C.A.N. 5266, 5288.]
17       The other side of the balance recognizes the need to allow the Government an
         adequate opportunity to fully evaluate the private enforcement suit and determine
18       both if that suit involves matters the Government is already investigating and whether
         it is in the Government's interest to intervene and take over the civil action. *Id.*,
19       reprinted in 1986 U.S.C.C.A.N. at 5289.

20   *United States ex rel. Lujan v. Hughes Aircraft Co.* (9th Cir. 1995) 67 F.3d 242, 245.[1] The seal

21   provisions allow the qui tam plaintiff to commence the action and protect his litigation rights,

22   while affording the government the opportunity to investigate so as to make an intervention

23   decision. (*Id.*)

24

25       [1] The CFCA is patterned after the Federal False Claims Act, codified in Title 31 of the
     U.S. Code, at section 3729-31. (*Rothschild v. Tyco International* (2000) 83 Cal.App.4th 488,
26   494.) Accordingly, California courts can look to federal authority interpreting provisions of the
     FCA that are analogous to provisions contained in the Federal Act. (See *City of Pomona v.*
27   *Super. Ct.* (2001) 89 Cal.App.4th 793 [California False Claims Act premised on the federal False
     Claims Act and courts may look to the cases interpreting the Federal Act for guidance].)
28

4

1    **A.    There is Good Cause for this Court to Grant a Six Month Extension of the
        Seal and Time to Intervene**

2

3        The complaint relates to a series of complex, financial transactions that occurred between

4    eight and ten years ago. California's losses are alleged to be $970 million. As set forth in detail

5    in the accompanying Declaration of Jacqueline Dale there is good cause to grant a six (6) month

6    extension of the seal. (See Dale Decl. at ¶¶ 4-5.)

7                                    **CONCLUSION**

8        As set forth herein and in the Declaration of Supervising Deputy Attorney General

9    Jacqueline Dale, there is good cause to extend the seal of this action and time to intervene for six

10   (6) months to permit the AGO's continued investigation and evaluation of the case. The seal and

11   time to intervene in this matter should therefore be extended pursuant to Government Code

12   section 12652, subdivision (c)(5), up to and including October 25, 2017.

13   Dated: April 19, 2017                        Respectfully Submitted,

14                                                XAVIER BECERRA
                                                  Attorney General of California
15                                                JACQUELINE DALE
                                                  Supervising Deputy Attorney General
16

17

18

19                                                JACQUELINE DALE
                                                  Supervising Deputy Attorney General
20                                                *Attorneys for the People of the State of
                                                  California*
21   SF2017303716
     41740325.doc
22

23

24

25

26

27

28
                                             5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    Citizens Against Corporate Crime, LLC v. Lennar Corporation (UNDER SEAL)

Case No.:     34-2017-00208469

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>April 20, 2017</u>, I served the attached

- **Ex Parte Application to Extend Seal and Time to Intervene Pursuant to Government Code Section 12652; Memorandum of Points and Authorities in Support**

- **[PROPOSED] Order to Extend Seal and Time to Intervene Pursuant to Government Code § 12652**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Vincent Renda, Esq.
Renda Law Office, P.C.
600 West Broadway, Suite #400
San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 20, 2017, at San Francisco, California.

|                       |                       |
|-----------------------|-----------------------|
| R. Manalastas         |                       |
| Declarant             | Signature             |

SF2017303716
41742190.doc

1  XAVIER BECERRA
   Attorney General of California
2  FREDERICK W. ACKER
   Supervising Deputy Attorney General
3  JOANNA ROSEN FORSTER
   Deputy Attorney General
4  State Bar No. 244943
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone: (415) 703-5511
6    Fax:  (415) 703-1234
     E-mail:  Joanna.Forster@doj.ca.gov
7  *Attorneys for the People of the State of California*

```
FILED/ENDORSED

DEC 2 2 2017

By: _____L. Gutierrez_____
         Deputy Clerk
```

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                             **EX PARTE APPLICATION TO EXTEND**
                                             **SEAL AND TIME TO INTERVENE**
13                              Plaintiff,   **PURSUANT TO GOVERNMENT CODE**
                                             **SECTION 12652; MEMORANDUM OF**
14          v.                               **POINTS AND AUTHORITIES IN**
                                             **SUPPORT**
15

16  **LENNAR CORPORATION, a Florida**        Dept:          53
    **corporation, and DOES 1 Through 100,** Judge:         Hon. David I. Brown
17  **Inclusive,**                           Trial Date:    None Set
                                             Action Filed:  February 24, 2017
18                             Defendant.

19

20

21                           **FILED UNDER SEAL**

22       **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5)**

23                   **and California Rules of Court, rule 2.571(a)**

24

25

26

27

28
                                       1

1  **TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF**

2  **SACRAMENTO:**

3      The California Attorney General hereby moves this Court ex parte for an Order extending

4  the seal and time to intervene in this action brought pursuant to the California False Claims Act,

5  Government Code Section 12652, subdivision (c) for six (6) months, through and including June

6  25, 2018.

7      This application is filed *in camera* and under seal pursuant to the provisions of Government

8  Code section 12652, subdivision (c)(5), and California Rules of Court, rule 2.571(a).

9      This application is also brought *ex parte* pursuant to California Rules of Court, rules 2.572

10  and 3.1200 et seq. Qui tam plaintiff in this action is represented by Robert E. Barnes and Tony

11  Nasser of the Barnes Law firm, 601 South Figueroa Street, Suit 4050, Los Angeles, California,

12  telephone number 310.510.65211. The AGO has informed qui tam plaintiff's counsel of this

13  application and counsel supports this application. (See In Camera Declaration of Joanna Rosen

14  Forster, filed concurrently herewith ("Forster Decl."), at ¶6.)

15      The seal in this matter is now set to expire on December 26, 2017. This application

16  requests an additional six (6) month extension of the seal, through June 25, 2018.

17      Good cause exists for such an extension of the seal for the reasons set forth in the

18  Memorandum of Points and Authorities attached hereto and in the in camera Declaration of

19  Supervising Deputy Attorney General Joanna Rosen Forster, which is filed concurrently herewith.

20  Dated: December   , 2017            Respectfully Submitted,

21                           XAVIER BECERRA

22                           Attorney General of California

23

24

25                           JOANNA ROSEN FORSTER

26                           Deputy Attorney General
                         *Attorneys for the People of the State of*
                         *California*

27

28

                       2

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

2 The California Attorney General respectfully applies to this Court for a six (6) month

3 extension of the seal and time to intervene, through June 25, 2018, pursuant to the California

4 False Claims Act ("CFCA"), Government Code section 12650 et seq.

5 **A.    Factual and Procedural Background**

6 This action arises from a *qui tam* complaint filed pursuant to the CFCA. This case was

7 filed on February 24, 2017. On April 18, 2017, the CAGO filed an application to extend the seal

8 by six (6) months, to October 25, 2017. On October 24, 2017 the qui tam plaintiff filed a First

9 Amended Complaint. The filing of this First Amended Complaint extended the seal by an

10 additional sixty days to (on account of intervening court holidays) December 26, 2017. In

11 accordance with the provisions of the CFCA, defendants have not yet been served and this case is

12 not yet at issue. (See Gov. Code. § 12652, subd. (c) (9) ["The defendant shall not be required to

13 respond to any complaint filed under this section until 30 days after the complaint is unsealed and

14 served upon the defendant pursuant to Section 583.210 of the Code of Civil Procedure."].)

15 Qui tam plaintiff alleges defendant Lennar Corporation ("Lennar") made financial

16 misrepresentations to induce MW Housing Partners III L.P., an entity that was ninety percent

17 (90%) CalPERS-owned, to become a partial owner of LandSource Communities Development

18 LLC ("LandSource") in late 2006. (See, e.g., First Amended Complaint ¶¶ 20-30.) The First

19 Amended Complaint also alleges that Lennar drained LandSource of capital, and caused it to

20 amass a debt load that LandSource could not service. (*Ibid.*) As a result, LandSource went into

21 bankruptcy in 2008, and CalPERS lost its $970 million investment in LandSource. (*Id.* at ¶¶ 31-

22 32.)

23 The Attorney General's Office ("AGO") is diligently investigating these allegations, as set

24 forth in the accompanying *In Camera* Declaration of Deputy Attorney General Joanna Rosen

25 Forster ("Forster Declaration"), ¶ 5.

26
27
28

3

**B.    The California False Claims Act Authorizes the Attorney General's Office to Seek Additional Extensions of the Seal and Time to Intervene**

The CFCA permits a qui tam plaintiff who has particular information about financial misdeeds against the government to initiate an action. "Qui tam" is derived from a Latin term that means "he who as much for the king as for himself." The qui tam plaintiff is a "whistle blower" who brings the action on behalf of the governmental entity that is a victim of a false claim and the real party in interest. (Gov. Code, § 12652, subd. (c)(1).) Accordingly, while the action may be initiated by the whistleblower, the CFCA mandates that the government is given a period of time to investigate the allegations and to determine whether to intervene as the real party in interest. (Gov. Code, § 12652, subds. (c)(2), (3) & (4).) This investigation occurs while the action is sealed and before the defendant is served. (Gov. Code, § 12652, subd. (c)(2).)

The Government Code allows the AGO to seek extensions of the seal while conducting an investigation to determine whether to intervene and proceed with the action. (See Gov. Code, § 12652, subd. (c)(5).) Specifically, Government Code section 12652 subdivision (c)(5) provides:

> The Attorney General may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal pursuant to paragraph (2). The motion may be supported by affidavits or other submissions in camera.

As provided by the Code, more than one extension may be granted when there is good cause to continue the seal to allow the government to continue its investigation. (*Id.*)

The seal may be extended by ex parte application. (Cal. Rules of Court, rule 2.572.) While the action is under seal, it is not subject to the California Rules of Court, rule 3.110 and the case management rules and service deadlines in title 3, division 7. (Cal. Rules of Court, rule 2.573(e)(2).)

The seal provisions are intended to strike a balance between the purpose of qui tam actions and law enforcement needs.

> The purpose of qui tam actions is to encourage more private false claims litigation [S. Rep. No. 345, 99th Cong., 2nd Sess. 24 reprinted in 1986 U.S.C.C.A.N. 5266, 5288.] The other side of the balance recognizes the need to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action. *Id.*, reprinted in 1986 U.S.C.C.A.N. at 5289.

4

Ex Parte Application to Extend Seal and Time to Intervene; Memorandum of Points and Authorities in Support (34-2017-00208469)

1    *United States ex rel. Lujan v. Hughes Aircraft Co.* (9th Cir. 1995) 67 F.3d 242, 245.[1] The seal

2    provisions allow the qui tam plaintiff to commence the action and protect his litigation rights,

3    while affording the government the opportunity to investigate so as to make an intervention

4    decision. (*Id.*)

5         **A.    There is Good Cause for this Court to Grant a Six Month Extension of the**
          **Seal and Time to Intervene**

6

7         The First Amended Complaint relates to a series of complex, financial transactions that

8    occurred between eight and ten years ago. California's losses are alleged to be $970 million. As

9    set forth in detail in the accompanying Declaration of Joanna Rosen Forster, the Attorney General

10   needs more time to investigate the alleged claims and alleged losses. The Attorney General

11   anticipates that it will require an additional six (6) month extension of time to investigate before

12   determining whether to intervene in this matter, and therefore requests that the seal and time to

13   intervene be extended through and including June 25, 2018. (See Forster Declaration, ¶ 5.) Good

14   cause exists for this extension of the seal and time to intervene, as set forth in the Forster

15   Declaration, filed concurrently herewith *in camera* pursuant to Government Code section, 12652,

16   subdivision (c)(5). (*Id.*, ¶ 5). The qui tam plaintiff does not oppose the extension of the seal.

17   (*Id.*, ¶ 6.)

18                                    **CONCLUSION**

19        As set forth herein and in the Declaration of Deputy Attorney General Joanna Rosen

20   Forster, there is good cause to extend the seal of this action and time to intervene for six (6)

21   months to permit the AGO's continued investigation and evaluation of the case. The seal and

22

23

24

25        [1] The CFCA is patterned after the Federal False Claims Act, codified in Title 31 of the
     U.S. Code, at section 3729-31. (*Rothschild v. Tyco International* (2000) 83 Cal.App.4th 488,
26   494.) Accordingly, California courts can look to federal authority interpreting provisions of the
     FCA that are analogous to provisions contained in the Federal Act. (See *City of Pomona v.*
27   *Super. Ct.* (2001) 89 Cal.App.4th 793 [California False Claims Act premised on the federal False
     Claims Act and courts may look to the cases interpreting the Federal Act for guidance].)
28

                                              5

1   time to intervene in this matter should therefore be extended pursuant to Government Code

2   section 12652, subdivision (c)(5), up to and including June 25, 2018.

3

4   Dated: December  , 2017

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
FREDERICK W. ACKER
Supervising Deputy Attorney General

JOANNA ROSEN FORSTER
Deputy Attorney General
*Attorneys for the People of the State of California*

6

ORIGINAL

**CONFIDENTIAL**                                    ENDORSED                                    **MC–060**

| ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joanna Rosen Forster (244943)<br>Deputy Attorney General<br>455 Golden State Avenue, Suite 11000<br>San Francisco, CA 94102 | ENDORSED<br><br>2018 JAN 24   AM 11: 04<br><br>LAW AND MOTION DEPT.53/54<br>SUPERIOR COURT<br>OF CALIFORNIA<br>SACRAMENTO COUNTY |

TELEPHONE NO.: 415-703-5511      FAX NO. (Optional): 415-703-1234
E-MAIL ADDRESS (Optional): joanna.forster@doj.ca.gov
ATTORNEY FOR:  ☐ PLAINTIFF  ☒ OTHER (specify):
                    People of the State of California

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814-1398
BRANCH NAME:

PLAINTIFF:          **[UNDER SEAL]**

DEFENDANT:      **[UNDER SEAL]**

| **CONFIDENTIAL COVER SHEET–FALSE CLAIMS ACTION** | CASE NUMBER:<br>34-2017-00208469 |
|---|---|

| INSTRUCTIONS: This civil action is brought under the False Claims Act, Government Code section 12650 et seq. The documents filed in this case are under seal and are confidential pursuant to Government Code section 12652(c).<br><br>This Confidential Cover Sheet must be affixed to the caption page of the complaint and to any other paper filed in this case until the seal is lifted.<br><br>You should check with the court to determine whether papers filed in False Claims Act cases must be filed at a particular location. | Seal to expire on (date):<br>June 25, 2018<br>**UNLESS:**<br>(1) Motion to extend time is pending; or<br>(2) Extended by court order |

1. The document to which this cover sheet is affixed is:
   a. ☐  Complaint for damages for violation of the False Claims Act
   b. ☐  *Civil Case Cover Sheet (form 982.2(b)(1))*
   c. ☐  Motion for an extension of time to intervene
   d. ☐  Affidavit or other document in support of the motion for an extension of time
   e. ☐  Order extending time to intervene *(specify date order expires)*:
   f. ☐  Other order *(describe)*:

   g. ☐  Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h. ☑  Other *(describe)*:
         State of California's Notice of Election to Decline Intervention

2. This *Confidential Cover Sheet* and the attached document must each be separately file-stamped by the clerk of the court.

Date: January 19 2018

Page 1 of 1

**CONFIDENTIAL COVER SHEET<br>FALSE CLAIMS ACTION**

FILED
ENDORSED

2018 JAN 24  AM 11: 04

LAW AND MOTION DEPT 53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  XAVIER BECERRA
   Attorney General of California
2  FREDERICK W. ACKER
   Supervising Deputy Attorney General
3  JOANNA ROSEN FORSTER
   Deputy Attorney General
4  State Bar No. 244943
     455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA  94102-7004
   Telephone:  (415) 703-5511
6  Fax:  (415) 703-1234
   E-mail:  Joanna.Forster@doj.ca.gov
7  *Attorneys for the People of the State of California*

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**     Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                       **STATE OF CALIFORNIA'S NOTICE OF**
                                        **ELECTION OF DECLINE**
13                         Plaintiff,  **INTERVENTION**

14              v.                      Dept:        53
                                        Judge:       Hon. David I. Brown
15                                      Trial Date:  None Set
    **LENNAR CORPORATION, a Florida**   Action Filed: February 24, 2017
16  **corporation, and DOES 1 Through 100,**
    **Inclusive,**
17
                           Defendant.
18

19

20
                         **FILED UNDER SEAL**
21
        **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5)**
22
                      **and California Rules of Court, rule 2.571(a)**
23

24

25

26

27

28

                                    1

1    Pursuant to the California False Claims Act ("CFCA"), California Government Code

2    section 12652, subdivision (c)(6)(B), the California Attorney General's Office ("CAGO") notifies

3    the Court of its decision *not* to intervene in the above-captioned action.

4    This CAGO's decision to decline intervention is without prejudice because it remains a real

5    party in interest in this action. The CAGO respectfully refers the Court to California Government

6    Code section 12652, subdivision (c)(1), which states that, once filed, a false claims action:

7    . . . may be dismissed only with the written consent of the Court and the Attorney General
     or prosecutor authority of a political subdivision, or both, as appropriate under the
8    allegations of the civil action, taking into account the best interests of the parties involved
     and the public purposes behind this act.
9
10   Accordingly, the CAGO has the continuing authority to file a motion seeking to intervene in the

11   future, or otherwise move to dismiss, or settle this action. (Gov. Code section 12652,

12   subdivisions (e)(2)( and (f)(2)(A)). The CAGO requests that it receive notice of any proposed

13   settlement or dismissal of this action by the parties.

14   Under the CFCA, upon request from the state, the CAGO shall be served with copies of all

15   pleadings filed in an action in which it declined to intervene, and supplied with copies of all

16   deposition transcripts. (Gov. Code section 12652, subdivision (f)(1).) Accordingly, the CAGO

17   hereby requests that all pleadings filed in the above-captioned action, as well as copies of all

18   deposition transcripts, be served on the CAGO, and that orders issued by the Court be sent to the

19   CAGO. The CAGO further requests that it receives any notice or petition initiating any appeal

20   and each paper and brief filed in the appeal. (Gov. Code section 12656).

21   Dated: January 1\, 2018                    Respectfully Submitted,

22                                              XAVIER BECERRA
                                                Attorney General of California
23

24

25   _____
                                                JOANNA ROSEN FORSTER
26                                              Deputy Attorney General
                                                *Attorneys for the People of the State of*
27                                              *California*

28   SF2017303716

                                               2

**CONFIDENTIAL**

ORIGINAL

MC–060

| ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joanna Rosen Forster (244943) | ENDORSED |
| Deputy Attorney General | |
| 455 Golden State Avenue, Suite 11000 | 2018 JAN 24  AM 11: 04 |
| San Francisco, CA  94102 | |
| TELEPHONE NO: 415-703-5511    FAX NO. *(Optional)*: 415-703-1234 | LAW AND MOTION DEPT. 53/54 |
| E-MAIL ADDRESS *(Optional)*: joanna.forster@doj.ca.gov | SUPERIOR COURT |
| ATTORNEY FOR: ☐ PLAINTIFF  ☒ OTHER *(specify)*: | OF CALIFORNIA |
| People of the State of California | SACRAMENTO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento

STREET ADDRESS:  720 9th Street

MAILING ADDRESS:

CITY AND ZIP CODE:  Sacramento, CA  95814-1398

BRANCH NAME:

| PLAINTIFF:        **[UNDER SEAL]** | |
|---|---|
| DEFENDANT:        **[UNDER SEAL]** | |

| **CONFIDENTIAL COVER SHEET–FALSE CLAIMS ACTION** | CASE NUMBER: |
|---|---|
| | 34-2017-00208469 |

---

**INSTRUCTIONS: This civil action is brought under the False Claims Act, Government Code section 12650 et seq. The documents filed in this case are under seal and are confidential pursuant to Government Code section 12652(c).**

**This Confidential Cover Sheet must be affixed to the caption page of the complaint and to any other paper filed in this case until the seal is lifted.**

**You should check with the court to determine whether papers filed in False Claims Act cases must be filed at a particular location.**

Seal to expire on *(date)*:
June 25, 2018
**UNLESS:**
(1) Motion to extend time is pending; or
(2) Extended by court order

---

1. The document to which this cover sheet is affixed is:
   a. ☐ Complaint for damages for violation of the False Claims Act
   b. ☐ *Civil Case Cover Sheet (form 982.2(b)(1))*
   c. ☐ Motion for an extension of time to intervene
   d. ☐ Affidavit or other document in support of the motion for an extension of time
   e. ☐ Order extending time to intervene *(specify date order expires)*:
   f. ☐ Other order *(describe)*:

   g. ☐ Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h. ☑ Other *(describe)*:
      State of California's Notice of Election to Decline Intervention

2. This *Confidential Cover Sheet* and the attached document must each be separately file-stamped by the clerk of the court.

Date: January 19 2018

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
MC-060 [Rev. January 1, 2007]

**CONFIDENTIAL COVER SHEET
FALSE CLAIMS ACTION**

Gov. Code, § 12652(c);
Cal. Rules of Court, rules 2.570-2.573
www.courtinfo.ca.gov

FILED
ENDORSED

2018 JAN 24  AM 11: 04

LAW AND MOTION DEPT.53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  XAVIER BECERRA
   Attorney General of California
2  FREDERICK W. ACKER
   Supervising Deputy Attorney General
3  JOANNA ROSEN FORSTER
   Deputy Attorney General
4  State Bar No. 244943
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA 94102-7004
   Telephone: (415) 703-5511
6  Fax: (415) 703-1234
   E-mail: Joanna.Forster@doj.ca.gov
7  *Attorneys for the People of the State of California*

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                             **STATE OF CALIFORNIA'S NOTICE OF**
                                             **ELECTION OF DECLINE**
13                          Plaintiff,       **INTERVENTION**

14          v.                               Dept:          53
                                             Judge:         Hon. David I. Brown
15                                           Trial Date:    None Set
    **LENNAR CORPORATION, a Florida**        Action Filed:  February 24, 2017
16  **corporation, and DOES 1 Through 100,**
    **Inclusive,**
17
                            Defendant.
18

19

20

21                          **FILED UNDER SEAL**

22  **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5)**

23                **and California Rules of Court, rule 2.571(a)**

24

25

26

27

28

                                      1

1    Pursuant to the California False Claims Act ("CFCA"), California Government Code

2  section 12652, subdivision (c)(6)(B), the California Attorney General's Office ("CAGO") notifies

3  the Court of its decision *not* to intervene in the above-captioned action.

4    This CAGO's decision to decline intervention is without prejudice because it remains a real

5  party in interest in this action. The CAGO respectfully refers the Court to California Government

6  Code section 12652, subdivision (c)(1), which states that, once filed, a false claims action:

7      . . . may be dismissed only with the written consent of the Court and the Attorney General
       or prosecutor authority of a political subdivision, or both, as appropriate under the
8      allegations of the civil action, taking into account the best interests of the parties involved
       and the public purposes behind this act.
9

10  Accordingly, the CAGO has the continuing authority to file a motion seeking to intervene in the

    future, or otherwise move to dismiss, or settle this action. (Gov. Code section 12652,
11
    subdivisions (e)(2)( and (f)(2)(A)). The CAGO requests that it receive notice of any proposed
12
    settlement or dismissal of this action by the parties.
13
14    Under the CFCA, upon request from the state, the CAGO shall be served with copies of all

15  pleadings filed in an action in which it declined to intervene, and supplied with copies of all

16  deposition transcripts. (Gov. Code section 12652, subdivision (f)(1).) Accordingly, the CAGO

17  hereby requests that all pleadings filed in the above-captioned action, as well as copies of all

    deposition transcripts, be served on the CAGO, and that orders issued by the Court be sent to the
18
    CAGO. The CAGO further requests that it receives any notice or petition initiating any appeal
19
    and each paper and brief filed in the appeal. (Gov. Code section 12656).
20
21  Dated: January 1, 2018                     Respectfully Submitted,

22                                             XAVIER BECERRA
                                               Attorney General of California
23

24

25                                             _____
                                               JOANNA ROSEN FORSTER
26                                             Deputy Attorney General
                                               *Attorneys for the People of the State of*
27                                             *California*

28  SF2017303716

2



FILED/ENDORSED

JAN 3 1 2018

By D. Lashley, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

**CITIZENS AGAINST CORPORATE CRIME, LLC**

      Plaintiff(s),

v.

**LENNAR CORPORATION**

      Defendant(s)

No. **34-2017-00208469**

NOTICE OF ASSIGNMENT TO DEPARTMENT 35 FOR COMPLEX CASE MANAGEMENT DETERMINATION

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANYONE WHO HEREAFTER SERVES A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

1.    This matter has been assigned to Department 35, Judge Alan G. Perkins presiding, to determine whether the case should be designated, and treated, as complex. If it is determined to be complex, this department will be the court's complex case department pursuant to the Local Rules, including Local Rule 2.46.

2.    All counsel are required to appear in Department 35 on **JULY 20, 2018 at 10:00 A.M.**

    (a) If the case has been designated as complex, and no counter-designation has been filed, the Court will hold its first case management conference at that time.

November 1, 2012 Rev.

(b) If the case has been assigned to Department 35 on a preliminary basis, the Court will

hold a hearing to determine if the matter is, or is not, complex.  If the matter is

determined to be complex, the Court will then proceed with the first case

management conference.

3.      Each party shall file and serve a Case Management Conference Statement fifteen (15) days before this hearing and be prepared to participate effectively in the conference, including being thoroughly familiar with the case and able to discuss the suitability of the case for private mediation, arbitration or the use of a special master or referee.

4.      Prior to the conference, counsel for plaintiff shall meet and confer with counsel for each other party in an effort to precisely define the issues in the case, discuss the possibility of early mediation, the identities of possible other parties, their respective plans for discovery, and whether or not the parties will be requesting that a special master be appointed.

5.      <u>Tentative Rulings.</u>

The court may determine that a case management conference on the assigned date is not necessary or should be postponed. The court may also issue tentative rulings on motions that are assigned to it. To determine whether an appearance is required the parties must check the court's tentative rulings after 2 p.m. the court day before the conference date to see if a tentative ruling is posted. Tentative rulings are posted on the court's website at www.saccourt.ca.gov. On many occasions the court will not post a tentative ruling.

6.      <u>Law and Motion Matters.</u>

The Local Rules state that the civil law and motion departments hear most types of law and motion matters, even in complex cases, unless the Presiding Judge has specifically assigned a case to one judge for all purposes. A designation of a case as complex is not an automatic assignment to the complex judge for all purposes.

The complex case management department will accept stipulations to stay, stipulations to appoint a special master, stipulated case management orders (even if they include discovery cut-offs and other limitations), and proposed orders from special masters. The complex case management department

1  may also hear motions relating to class action certification. All other motions except trial motions should

2  be filed with the law and motion departments or presiding judge as specified in the Local Rules.

3         7.    <u>Filings.</u>

4             Except for filings for motions to be heard in the law and motion departments, all filings

5  in complex cases assigned to Department 35 should be filed directly with this department. If a complex

6  case designation is removed the parties should thereafter comply with the Local Rules regarding the

7  filing of documents for civil actions.

8         8.    <u>Typical Case Progress.</u>

9            a.    In most cases the initial status conference or a subsequent conference will result

10  in an initial case management order being issued. The breadth of those orders may vary depending on

11  factors such as the complexity of the case and the status of service on anticipated parties to the action.

12  The court may eventually issue a more detailed case management order that could address topics such as

13  discovery cut-offs, phased discovery, disclosure dates, settlement conference dates and trial dates. Many

14  of these topics are deferred in cases in which special masters are used.

15            b.    This department will usually be the trial department for complex cases assigned to

16  this department. However cases may be transferred to the presiding judge for assignment to another

17  department for trial if there may be a conflict with another trial or if the needs of the court so require.

18            c.    If the trial is to be held in this department the court will often hold a pre-trial/case

19  readiness type of conference several weeks before trial. Topics generally addressed at such conferences

20  include review of witness and exhibit lists, motions in limine, proposed jury instructions, witness timing

21  issues and other trial procedure issues. The goal is to get such issues resolved at that time and any later

22  motions in limine or other motions are not favored. In many cases the court may order that discovery

23  must be completed at least four to six weeks before the trial date and around the time when the initial

24  papers are due for the pre-trial conference.

25        //

26         9.    Until the time of the conference, the following INTERIM ORDERS shall be in effect:

27

28

1       A.      Plaintiff(s) shall diligently locate and serve each defendant.  It is the Court's

2                 intention that each party be served in sufficient time to have entered an

3                 appearance within the time allowed by law and to attend the first conference.

4       B.      Counsel for each party shall do a conflict check to determine whether such

5                 counsel might have a possible conflict of interest as to any present or

6                 contemplated future party.

7       10.    The court strongly encourages the parties to engage in early and meaningful mediation.

8   Either private or judicial mediation is acceptable.

Date:    January 31, 2018

Alan G. Perkins, Judge

ORIGINAL

**CONFIDENTIAL**

MC–060

| ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joanna Rosen Forster (244943)<br>Deputy Attorney General<br>455 Golden State Avenue, Suite 11000<br>San Francisco, CA 94102<br>TELEPHONE NO.: 415-703-5511    FAX NO. (Optional): 415-703-1234<br>E-MAIL ADDRESS (Optional): joanna.forster@doj.ca.gov<br>ATTORNEY FOR: ☐ PLAINTIFF  ☒ OTHER (specify):<br>People of the State of California | ENDORSED<br>2018 JAN 24  AM 11: 04<br>LAW AND MOTION DEPT 53/54<br>SUPERIOR COURT<br>OF CALIFORNIA<br>SACRAMENTO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento

STREET ADDRESS: 720 9th Street

MAILING ADDRESS:

CITY AND ZIP CODE: Sacramento, CA 95814-1398

BRANCH NAME:

| PLAINTIFF: | [UNDER SEAL] |
|---|---|
| DEFENDANT: | [UNDER SEAL] |

| **CONFIDENTIAL COVER SHEET–FALSE CLAIMS ACTION** | CASE NUMBER:<br>34-2017-00208469 |
|---|---|

---

| **INSTRUCTIONS:** This civil action is brought under the False Claims Act, Government Code section 12650 et seq. The documents filed in this case are under seal and are confidential pursuant to Government Code section 12652(c).<br><br>This Confidential Cover Sheet must be affixed to the caption page of the complaint and to any other paper filed in this case until the seal is lifted.<br><br>**You should check with the court to determine whether papers filed in False Claims Act cases must be filed at a particular location.** | Seal to expire on (date):<br>June 25, 2018<br>**UNLESS:**<br>(1) Motion to extend time is pending; or<br>(2) Extended by court order |
|---|---|

1. The document to which this cover sheet is affixed is:
   a. ☐ Complaint for damages for violation of the False Claims Act
   b. ☐ Civil Case Cover Sheet (form 982.2(b)(1))
   c. ☐ Motion for an extension of time to intervene
   d. ☐ Affidavit or other document in support of the motion for an extension of time
   e. ☐ Order extending time to intervene (specify date order expires):
   f. ☒ Other order (describe):
      [PROPOSED] Order Lifting Seal as to Certain Documents

   g. ☐ Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h. ☐ Other (describe):

2. This Confidential Cover Sheet and the attached document must each be separately file-stamped by the clerk of the court.

Date: January 1\ 2018

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-060 [Rev. January 1, 2007]

**CONFIDENTIAL COVER SHEET<br>FALSE CLAIMS ACTION**

Gov. Code, § 12652(c);<br>Cal. Rules of Court, rules 2.570-2.573<br>www.courtinfo.ca.gov

FILED
ENDORSED

1    XAVIER BECERRA
     Attorney General of California
2    FREDERICK W. ACKER
     Supervising Deputy Attorney General
3    JOANNA ROSEN FORSTER
     Deputy Attorney General
4    State Bar No. 244943
       455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
       Telephone:  (415) 703-5511
6    Fax:  (415) 703-1234
       E-mail:  Joanna.Forster@doj.ca.gov
7    *Attorneys for the People of the State of California*

2018 JAN 24  AM 11: 05

LAW AND MOTION DEPT.53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SACRAMENTO

10

11   **CITIZENS AGAINST CORPORATE**              Case No. 34-2017-00208469
     **CRIME, LLC, a Wyoming limited liability**
12   **company,**                                **[PROPOSED] ORDER LIFTING SEAL**
                                                  **AS TO CERTAIN DOCUMENTS**
13                                 Plaintiff,
                                                  Dept:          53
14                  v.                            Judge:         Hon. David I. Brown
                                                  Trial Date:    None Set
15                                                Action Filed:  February 24, 2017
     **LENNAR CORPORATION, a Florida**
16   **corporation, and DOES 1 Through 100,**
     **Inclusive,**
17
18                                Defendant.

19

20

21                            **FILED UNDER SEAL**

22       **Pursuant to Government Code section 12652, subdivisions (c)(6)(B)**

23             **and California Rules of Court, rule 2.573(a)(1) and (d)**

24

25

26

27

28

                                      1

1    **GOOD CAUSE APPEARING,** it is hereby **ORDERED AS FOLLOWS:**

2    I.    The seal shall **REMAIN** in effect as to the following documents:

3        1.    April 18, 2017 *In Camera* Declaration of Jacqueline Dale in Support of

4            Application to Extend Seal and Time to Intervene Pursuant to Government

5            Code section 12652.

6        2.    December 21, 2017 *In Camera* Declaration of Joanna Rosen Forster in Support

7            of Application to Extend Seal and Time to Intervene Pursuant to Government

8            Code section 12652.

9    II.    The seal shall be **LIFTED** as to all remaining case records.

11   **IT IS SO ORDERED.**

13   Dated: ___JAN 2 4 2018___                    By: _____

14                                                JUDGE OF THE SUPERIOR COURT

                                                  DAVID I. BROWN

16   SF2017303716

2

[Proposed] Order Lifting Seal as to Certain Documents  (34-2017-00208469)

1   XAVIER BECERRA
    Attorney General of California
2   JACQUELINE DALE
    Supervising Deputy Attorney General
3   State Bar No. 170800
    455 Golden Gate Avenue, Suite 11000
4   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5592
5   Fax:  (415) 703-5480
    E-mail:  Jacqueline.Dale@doj.ca.gov
6   *Attorneys for the People of the State of California*

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                            **[PROPOSED] ORDER TO EXTEND**
                                            **SEAL AND TIME TO INTERVENE**
13                              Plaintiff,  **PURSUANT TO GOVERNMENT CODE**
                                            **§ 12652**
14              v.
                                            Dept:       53
15                                          Judge:      Hon. David I. Brown
    **LENNAR CORPORATION, a Florida**       Trial Date:  None Set
16  **corporation, and DOES 1 Through 100,**  Action Filed: February 24, 2017
    **Inclusive,**
17
                                Defendant.
18

19

20

21

22

23

24

25

26

27

28

                                    1

1        GOOD CAUSE APPEARING, the Attorney General's application to extend the seal and

2   time to intervene through and including October 25, 2017 is GRANTED.

3        This action and this Court's file shall remain under seal through and including October 25,

4   2017.

5       **IT IS SO ORDERED.**

6

7   Dated:         APR 2 6 2017

8                            **JUDGE OF THE SUPERIOR COURT**
                                   DAVID I. BROWN

9

10  SF2017303716
    41740356.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            2

FILED
ENDORSED

2017 DEC 26   AM 10: 24

LAW AND MOTION DEPT.53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  XAVIER BECERRA
   Attorney General of California
2  FREDERICK W. ACKER
   Supervising Deputy Attorney General
3  JOANNA ROSEN FORSTER
   Deputy Attorney General
4  State Bar No. 244943
    455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA  94102-7004
    Telephone: (415) 703-5511
6  Fax: (415) 703-1234
    E-mail: Joanna.Forster@doj.ca.gov
7  *Attorneys for the People of the State of California*

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10

11 **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
   **CRIME, LLC, a Wyoming limited liability**
12 **company,**                            **[~~PROPOSED~~] ORDER TO EXTEND**
                                           **SEAL AND TIME TO INTERVENE**
13                           Plaintiff,    **PURSUANT TO GOVERNMENT CODE**
                                           **§ 12652**
14            v.

15                                         Dept:        53
                                           Judge:       Hon. David I. Brown
16 **LENNAR CORPORATION, a Florida**       Trial Date:  None Set
   **corporation, and DOES 1 Through 100,** Action Filed: February 24, 2017
17 **Inclusive,**

18                           Defendant.

19

20

21              **FILED UNDER SEAL**

22  **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5)**

23              **and California Rules of Court, rule 2.571(a)**

24

25

26

27

28

Received
DEC 2 2 2017
CIVIL
LAW & MOTION

1

1    GOOD CAUSE APPEARING, the Attorney General's application to extend the seal and

2    time to intervene through and including JUNE 25, 2018 is GRANTED.  This action and this

3    Court's file shall remain under seal through and including JUNE 25, 2018.

4    **IT IS SO ORDERED.**

5

6    Dated:                    DEC 2 6 2017

7                                                          JUDGE OF THE SUPERIOR COURT

8                                                                STEVEN H. RODDA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

ORIGINAL

**CONFIDENTIAL**

MC–060

| | |
|---|---|
| ATTORNEY *(Name, state bar number, and address)*:<br>Frederick W. Acker, Supervising Deputy Attorney General<br>Joanna Rosen Forster (SBN 244943), Deputy Attorney General<br>Office of the Attorney General, 455 Golden Gate Ave., Suite 11000<br>San Francisco, California 94102-7004<br>TELEPHONE NO.: 415.703.5511      FAX NO. *(Optional)*:  415.703.1234<br>E-MAIL ADDRESS *(Optional)*:  joanna.forster@doj.ca.gov<br>ATTORNEY FOR:  ☐ PLAINTIFF  ☑ OTHER *(specify)*:<br>          The People of the State of California | FOR COURT USE ONLY<br>ENDORSED<br><br>2018 JAN 24  AM 11: 04<br><br>LAW AND MOTION DEPT 53/54<br>SUPERIOR COURT<br>OF CALIFORNIA<br>SACRAMENTO COUNTY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>  STREET ADDRESS: 720 Ninth Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Sacramento, California 95814<br>  BRANCH NAME: Gordon D. Schaber Downtown Courthouse | |
| PLAINTIFF:           **[UNDER SEAL]**<br><br>DEFENDANT:           **[UNDER SEAL]** | |
| **CONFIDENTIAL COVER SHEET–FALSE CLAIMS ACTION** | CASE NUMBER:<br>34-2017-00208469 |

| | |
|---|---|
| **INSTRUCTIONS: This civil action is brought under the False Claims Act, Government Code section 12650 et seq. The documents filed in this case are under seal and are confidential pursuant to Government Code section 12652(c).**<br><br>**This Confidential Cover Sheet must be affixed to the caption page of the complaint and to any other paper filed in this case until the seal is lifted.**<br><br>**You should check with the court to determine whether papers filed in False Claims Act cases must be filed at a particular location.** | Seal to expire on *(date)*:<br>June 25, 2018<br>**UNLESS:**<br>(1) Motion to extend time is pending; or<br>(2) Extended by court order |

1. The document to which this cover sheet is affixed is:
   a.  ☐  Complaint for damages for violation of the False Claims Act
   b.  ☐  *Civil Case Cover Sheet* (form 982.2(b)(1))
   c.  ☐  Motion for an extension of time to intervene
   d.  ☐  Affidavit or other document in support of the motion for an extension of time
   e.  ☐  Order extending time to intervene *(specify date order expires)*:
   f.  ☐  Other order *(describe)*:

   g.  ☐  Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h.  ☑  Other *(describe)*:
       PROOF OF SERVICE

2. This *Confidential Cover Sheet* and the attached document must each be separately file-stamped by the clerk of the court.

Date: January 18, 2018

Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-060 [Rev. January 1, 2007]

**CONFIDENTIAL COVER SHEET<br>FALSE CLAIMS ACTION**

Gov. Code, § 12652(c);<br>Cal. Rules of Court, rules 2.570-2.573<br>www.courtinfo.ca.gov

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   Citizens Against Corporate Crime, LLC v. Lennar Corporation (UNDER SEAL)

Case No.:   34-2017-00208469

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On January 19, 2018, I served the attached

### STATE OF CALIFORNIA'S NOTICE OF ELECTION OF DECLINE INTERVENTION

### [PROPOSED] ORDER LIFTING SEAL AS TO CERTAIN DOCUMENTS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Robert E. Barnes
Tony Nasser
Barnes Law
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 19, 2018, at San Francisco, California.

| R. Alvarez | Signature |
|---|---|
| Declarant | |

SF2017303716
41920521.docx

1   XAVIER BECERRA
    Attorney General of California
2   FREDERICK W. ACKER
    Supervising Deputy Attorney General
3   JOANNA FORSTER
    Deputy Attorney General
4   State Bar No. 244943
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5511
6    Fax:  (415) 703-1234
     E-mail:  Joanna.Forster@doj.ca.gov
7   *Attorneys for the People of the State of California*

```
┌─────────────────────────────┐
│  FILED/ENDORSED             │
│  ┌───────────────────────┐  │
│  │    DEC 2 2 2017        │  │
│  └───────────────────────┘  │
│  By: ___L. Gutierrez____    │
│          Deputy Clerk        │
└─────────────────────────────┘
```

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SACRAMENTO

10

11

12

13  | CITIZENS AGAINST CORPORATE | Case No. 34-2017-00208469 |
    | **CRIME, LLC, a Wyoming limited liability** | |
    | **company,** | **DECLARATION OF SERVICE** |

14

15                                  Plaintiff,   Dept:        53
                                                 Judge:       Hon. David I. Brown
                                      v.         Trial Date:  None Set
16                                               Action Filed: February 24, 2017

17  **LENNAR CORPORATION, a Florida**

18
    **corporation, and DOES 1 Through 100,**
19  **Inclusive**

20

21  ,

22                                  Defendant.

23

24                              **FILED UNDER SEAL**

25        **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5) and**

26                      **California Rules of Court, rule 2.571(a)**

27

28

                                        1

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   Citizens Against Corporate Crime, LLC v. Lennar Corporation (UNDER SEAL)

Case No.:   34-2017-00208469

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On December 22, 2017, I served the attached

**EX PARTE APPLICATION TO EXTEND SEAL AND TIME TO INTERVENE PURSUANT TO GOVERNMENT CODE SECTION 12652; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (AND CONFIDENTIAL COVER SHEET – FALSE CLAIMS ACTION)**

**[PROPOSED] ORDER TO EXTEND SEAL AND TIME TO INTERVENE PURSUANT TO GOVERNMENT CODE § 12652 (AND CONFIDENTIAL COVER SHEET – FALSE CLAIMS ACTION)**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Robert E. Barnes
Tony Nasser
Barnes Law
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 22, 2017, at San Francisco, California.

_____           _____
R. Alvarez                                              Signature
Declarant

SF2017303716
41905860.docx

1   XAVIER BECERRA
    Attorney General of California
2   FREDERICK W. ACKER
    Supervising Deputy Attorney General
3   JOANNA ROSEN FORSTER
    Deputy Attorney General
4   State Bar No. 244943
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 703-5511
6   Fax:  (415) 703-1234
      E-mail:  Joanna.Forster@doj.ca.gov
7   *Attorneys for the People of the State of California*

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                            **[PROPOSED] ORDER TO EXTEND**
                                            **SEAL AND TIME TO INTERVENE**
13                            Plaintiff,    **PURSUANT TO GOVERNMENT CODE**
                                            **§ 12652**
14              v.
                                            Dept:        53
15                                          Judge:       Hon. David I. Brown
    **LENNAR CORPORATION, a Florida**        Trial Date:  None Set
16  **corporation, and DOES 1 Through 100,**  Action Filed: February 24, 2017
    **Inclusive,**
17
                              Defendant.
18

19

20

21                          **FILED UNDER SEAL**

22      **Pursuant to Government Code section 12652, subdivisions (c)(2) and (c)(5)**

23                  **and California Rules of Court, rule 2.571(a)**

24

25

26

27

                                    1

                              [Proposed] Order Extending Seal And Time To Intervene
                              Pursuant To Government Code § 12652  (34-2017-00208469)

1        GOOD CAUSE APPEARING, the Attorney General's application to extend the seal and

2    time to intervene through and including JUNE 25, 2018 is GRANTED.  This action and this

3    Court's file shall remain under seal through and including JUNE 25, 2018.

4        **IT IS SO ORDERED.**

5

6    Dated:      _____

7                                   **JUDGE OF THE SUPERIOR COURT**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Extending Seal And Time To Intervene
Pursuant To Government Code § 12652  (34-2017-00208469)

1   XAVIER BECERRA
    Attorney General of California
2   JACQUELINE DALE
    Supervising Deputy Attorney General
3   State Bar No. 170800
    455 Golden Gate Avenue, Suite 11000
4   San Francisco, CA 94102-7004
    Telephone: (415) 703-5592
5   Fax: (415) 703-5480
    E-mail: Jacqueline.Dale@doj.ca.gov
6   *Attorneys for the People of the State of California*

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SACRAMENTO

10

11  **CITIZENS AGAINST CORPORATE**          Case No. 34-2017-00208469
    **CRIME, LLC, a Wyoming limited liability**
12  **company,**                            **[PROPOSED] ORDER TO EXTEND**
                                            **SEAL AND TIME TO INTERVENE**
13                              Plaintiff,  **PURSUANT TO GOVERNMENT CODE**
                                            **§ 12652**
14              v.
                                            Dept:        53
15                                          Judge:       Hon. David I. Brown
    **LENNAR CORPORATION, a Florida**       Trial Date:  None Set
16  **corporation, and DOES 1 Through 100,** Action Filed: February 24, 2017
    **Inclusive,**
17
                                Defendant.
18

19

20

21

22

23

24

25

26

27

28                                        1



1      GOOD CAUSE APPEARING, the Attorney General's application to extend the seal and

2 time to intervene through and including October 25, 2017 is GRANTED.

3      This action and this Court's file shall remain under seal through and including October 25,

4 2017.

5      **IT IS SO ORDERED.**

6

7 Dated: _____

8                                 **JUDGE OF THE SUPERIOR COURT**

9

10 SF2017303716
   41740356.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**BARNES LAW**
Robert E. Barnes (CABN 235919); Tony Nasser (CABN: 307930)
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
TELEPHONE NO.: (310) 510-6211    FAX NO. *(Optional):* (310) 510-6225
E-MAIL ADDRESS *(Optional):* tonynasser@barneslawllp.com
ATTORNEY FOR *(Name):* Plaintiff - Citizens Against Corporate Crime, LLC

**FILED/ENDORSED**

DEC 1 2 2017

By: ___L. Gutierrez___
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814-1398
BRANCH NAME: Gordon D. Schaber Sacramento County

CASE NAME:
Citizens Against Corporate Crime, LLC v. Lennar Corporation

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: 34-2017-00208469 |
|---|---|

FILED BY FAX
by RiverCityProcessService.com

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Citizens Against Corp. Crime makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney *(name):* Vincent Renda
2. **New legal representative** ☐ Party is representing self ☑ Attorney
   a. **Name:** Tony Nasser
   b. State Bar No. *(if applicable):* 307930
   c. **Address** *(number, street, city, ZIP, and law firm name, if applicable):*
   Barnes Law
   601 South Figueroa Street, Suite 4050, Los Angeles, California 90017
   d. **Telephone No.** *(include area code):* (310) 510-6211
3. The party making this substitution is a ☑ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

| • Guardian | • Personal Representative | • Guardian ad litem |
|---|---|---|
| • Conservator | • Probate fiduciary | • Unincorporated |
| • Trustee | • Corporation | association |

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 12-1-17
   ___Nicolas Marsch - CACC LLC___
   (TYPE OR PRINT NAME)    (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 12/1/17
   ___Vincent Renda___
   (TYPE OR PRINT NAME)    (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: November 29, 2017
   ___Tony Nasser___
   (TYPE OR PRINT NAME)    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]    SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)    Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

**MC–050**

| CASE NAME | CASE NUMBER. |
|---|---|
| Citizens Against Corporate Crime, LLC v. Lennar Corporation | 34-2017-00208469 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An underlined copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

   601 S. Figueroa Street, Suite 4050, Los Angeles, CA 90017

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid

   (1) Date of mailing  December 12, 2017     (2) Place of mailing *(city and state)*: San Diego, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date  December 12, 2017

Tony Nasser
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4  a  Name of person served  Deputy Attorney General Joanna Rosen Forster
   b. Address *(number, street, city, and ZIP).*
      California Department of Justice, 455 Golden Gate Ave, Suite 11000, San Francisco, CA 94102

   c  Name of person served.
   d. Address *(number, street, city, and ZIP)*:

   e. Name of person served
   f  Address *(number, street, city, and ZIP).*

   g  Name of person served.
   h  Address *(number, street, city, and ZIP)*:

   i  Name of person served
   j  Address *(number, street, city, and ZIP).*

   ☐  List of names and addresses continued in attachment

**SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Lennar Corporation, a Delaware Corporation and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Citizens Against Corporate Crime, LLC, a Wyoming Limited Liability Company, as Relator

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Gordon D. Schaber Sacramento County Courthouse<br>720 9th Street, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):*<br><br>34-2017-00208469 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barnes Law, 601 South Figueroa Street, Los Angeles, CA 90017

| DATE: **APR - 9 2018**<br>*(Fecha)* | Clerk, by *M. Rubalcaba*<br>*(Secretario)* | Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

M. RUBALCABA

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Lennar Corporation

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☑ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |